## ROESNER, Adm'r, v. HERMANN.*

*(Circuit Court, D. Indiana. 1881.)*

1. NEGLIGENCE—CONTRACT AS TO.

A contract between employer and employe, whereby the employe, in consideration of the employment, agrees to release and discharge his employer from all damages on account of accident or death to the employe, caused by the negligence of his employer or co-employes, is void as against public policy.

This was an action brought by Peter Roesner, administrator of the estate of George Reed, against Henry Hermann, on account of the death of Reed while in the defendant's employ, alleged to have resulted from the defendant's negligent use of defective and unsafe machinery. The defendant, in one of his answers, pleaded his release and discharge from all damages under and by virtue of the following agreement, viz. :

In consideration of the employment given me by Henry Hermann, and as an inducement and as a consideration to said Hermann to actuate him to take and engage me into his employ, I herewith grant, bargain, and stipulate, for myself, my heirs, executors, administrators, assigns, or personal representatives, whoever they may be, to and with said Henry Hermann, his heirs, executors, administrators, and assigns, that I, being such employe of said Hermann, will not hold said Hermann, whatever befalls me during such employment, responsible or liable in any sum, or for any damages whatever; and I hereby release and discharge said Hermann from all liability herein, to me or my personal representatives, for loss, damage, suffering, sickness, ailment, death, or harm, of whatsoever nature or kind I or they, my personal representatives, may suffer by reason of any accident, mishap, death, or damage occurring to me while in the employ of said Hermann, whether it arise from negligence of said Hermann or by accident, or by reason of the negligence of the other of said Hermann's employes, or be the cause or mishap whatsoever it may; I hereby discharging him, said Hermann, as heretofore shown, from all kind and nature and manner of liability whatsoever, by reason of negligence on his part, omission of duty, or accident, during such employment, from date hereof forever.

And in addition I also promise and agree to work not less than 10 hours per day, while in the employ of said Hermann, under penalty of forfeiture and damages. ·

[Signed]           his
             GEORGE  X  REED.
               mark.

Signed in the presence of W. G. BOEPPLE.

The plaintiff demurred to this answer, and, after argument, the demurrer was sustained. No written opinion was filed.

*Chas. Denby* and *J. S. Buchanan,* for plaintiff.

*Chas. L. Wedding* and *Jas. L. Shackelford,* for defendant.

*Reported by Chas. L. Holstein, United States Attorney.

GRESHAM, D. J., (*orally.*) The substance of the complaint is that the defendant's machinery was defective and unsafe; that while operating the same with reasonable care, and without knowledge of its defective character, the deceased received the injuries which caused his death, and that the defendant knew of the character of the machinery, or with proper diligence might have known it. So far as he could do so by the exercise of reasonable care, the defendant was bound to supply his factory with suitable and safe machinery. If he failed to do this, and required his employe to operate machinery which was unsound and unsafe, and in doing so the latter, while exercising ordinary care and prudence, received injuries which caused his death, his personal representative has a right of action for the benefit of those who have sustained loss from the injury and death. When the defendant's negligence in supplying his employes with unsafe machinery has caused the death of the latter, the law will not allow the defendant to say—as in effect he does say in this answer—"It is true that my machinery was defective and unsafe, and my negligence caused the death of my employe, but I am not liable to those who have suffered from the loss of his life, because I had a contract with my employe which secured to me the right to supply him with defective and unsafe machinery, and to be negligent." Such a contract is void as against public policy.

If there was no negligence the defendant needed no contract to exempt him from liability; if he was negligent, the contract set out in his answer will be of no avail.