BENJAMIN F. BATES *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.   March 20, 1888. — June 20, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Railroad Company — Negligence — Express Messenger — Riding in Baggage Car — Agreement to assume Risk — Contributory Negligence — Public Policy.*

If an express messenger holding a season ticket from a railroad company and desiring to ride for the conduct of his business in a baggage car in contravention of its rules, agrees to assume all risk of injury therefrom, and to hold the company harmless therefor, the agreement is not invalid as against public policy, and he cannot recover for injuries caused by the negligence of the company's servants, to which his presence in the baggage car directly contributed.

TORT for personal injuries sustained by the plaintiff, on November 4, 1885, in an accident upon the defendant's railroad while he was riding in a baggage car. At the trial in the Superior Court, before *Sherman*, J., evidence was introduced tending to prove the following facts.

It was conceded by the defendant, that the accident resulted from negligence on the part of its servants, and that the plaintiff, if rightfully in the car, was, at the time of the accident, in the exercise of due care. None of the passenger cars in the same train with the baggage car were thrown from the track by the accident, and no person in them was injured.

The plaintiff was employed as an express messenger by the New York and Boston Despatch Express Company, which was carrying on the express business over the road of the defendant between South Framingham and Fitchburg. On January 1, 1885, and at the time of the accident, the contract between the defendant and the express company was, that the defendant should transport the express matter at a specific price, and should transport the messengers of the express company in its express cars or baggage cars at season ticket rates, which were less than regular rates, paid by the express company upon condition that the express company and its messengers should assume all risks of accidents and injuries resulting therefrom, and hold the railroad free and discharged from all claims and demands in any way growing out of any injuries received by such messengers while being thus transported. In pursuance of that agreement, the plaintiff, on February 9, 1885, at the request of the express company, executed, and the express company delivered to the defendant, the following agreement:

" Old Colony Railroad Company.    Boston, February 9, 1885. Whereas, under the rules of the Old Colony Railroad Company, passengers are not allowed to ride in the baggage cars of any trains, but the undersigned, holder of a season ticket, being engaged in the express business, is desirous of riding in such car for the more convenient despatch of his business as an expressman, it is understood and agreed that, in consideration of said company allowing him to ride in baggage cars on its trains, the undersigned will assume all risk of accidents and injuries resulting therefrom, and will hold said company free and discharged

from all claims and demands in any way growing out of any injuries received by him while so riding."

The agreement was sent to the plaintiff, with a letter from the superintendent of the express company asking him to sign it, and he signed it unwillingly, but did so because he understood that, if he did not, the railroad company would demand that he should be removed by the express company from his position as messenger. The defendant thereupon issued to the express company, for the plaintiff, a season ticket, which contained a provision that " it is not to be used on express business, and if so used will be forfeited," and differed from those issued to passengers generally in having stamped upon it this provision : " The holder of this ticket, having released the company from all liability, will be permitted to ride in the baggage car. J. Sprague, Jr., General Passenger Agent."

It was contrary to the rules of the railroad company to permit passengers to ride in baggage cars and express cars, and this provision was stamped upon the ticket for the purpose of showing to conductors that the person holding that ticket had released the company from liability, and therefore the rule need not be enforced in this case. While the plaintiff was riding in a baggage car, as an express messenger, under the above arrangement with the express company and contract signed by himself, and holding a ticket thus stamped, he received his injuries. The following regulation, signed by the defendant's general manager, was posted and enforced in the baggage car in which the plaintiff rode while in the employment of the express company as a messenger on the defendant's road, and at the time of the accident :

" Old Colony Railroad. Notice. No passenger will be allowed to ride in the baggage car of any train unless he has signed a release discharging the company from all claims and demands in any way growing out of any accident or injuries while riding in such car. Conductors and baggage-masters will be particular at all times not to permit any passenger to ride in the baggage car without the special permit, which will be stamped on the tickets of those who have complied with the regulations. This rule must be strictly enforced."

Two other express companies — one a local company which had no messenger in charge of its express matter, the same being

cared for by the messengers of the other companies, and the other the Vermont and Canada Express, which had a messenger riding in the baggage car under this regulation — were doing business over that portion of the defendant's road during the year 1885, and at the time of the accident. The express business over the defendant's railroad was carried on in the baggage car attached to its passenger train, by messengers riding therein, under agreements and upon tickets like that signed and held by the plaintiff.

The defendant contended that, upon the above facts, the plaintiff could not recover, and asked the judge to rule: " 1. The agreement and release is a bar to the plaintiff's recovery. 2. If the release is void and not a bar, the plaintiff was, as a passenger, guilty of contributory negligence by being in the baggage car, contrary to the known reasonable regulation that passengers were not allowed to ride in the baggage car. 3. On the whole evidence, the plaintiff is not entitled to recover, and the verdict should be for the defendant."

The judge declined to rule as requested, but ruled that the plaintiff was entitled to recover, notwithstanding the regulation and agreement, and submitted the case to the jury upon the question of damages only. The jury returned a verdict for the plaintiff for $10,000; and the defendant alleged exceptions.

*S. C. Darling*, for the plaintiff.

1. If the plaintiff was a passenger for hire, the question is, whether a railroad company carrying passengers for hire can lawfully require a release from them of all claim for injuries received through its negligence or that of its servants, if the terms are reasonable. A stipulation against negligence of the carrier has been allowed in cases where a reasonable option of rates, graduated upon the degree of liability, has been offered the shipper. As to the law in England, see *Macauley* v. *Furness Railway*, 42 L. J. Q. B. 4; *Hall* v. *North Eastern Railway*, 44 L. J. Q. B. 164; *Gallin* v. *London & North Western Railway*, 44 L. J. Q. B. 89. In this Commonwealth, the exact question has never been decided, but the decisions seem to point to the same judgment as in *Railroad Co.* v. *Lockwood*, 17 Wall. 357, which decided that a railroad company could not require such

a release.  *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen,
18.  *Squire* v. *New York Central Railroad,* 98 Mass. 239.  *Med-
field School District* v. *Boston, Hartford, & Erie Railroad,* 102
Mass. 552.  *Commonwealth* v. *Vermont & Massachusetts Rail-
road,* 108 Mass. 7.  *Graves* v. *Lake Shore & Michigan Southern
Railroad,* 137 Mass. 33.  *Hill* v. *Boston, Hoosac Tunnel, & West-
ern Railroad,* 144 Mass. 284.  See *Philadelphia & Reading
Railroad* v. *Derby,* 14 How. 468, 483; *Steamboat New World* v.
*King,* 16 How. 469; *New Jersey Steam Navigation Co.* v. *Mer-
chants' Bank,* 6 How. 344, 383, 384; *Sager* v. *Portsmouth Rail-
road,* 31 Maine, 228; *Wells* v. *Steam Navigation Co.* 8 N. Y. 375.
Releases or agreements to exempt common carriers from the
consequences of their own negligence, or that of their servants,
have been held to be void in the following passenger cases,
chiefly upon the ground of public policy: *Flinn* v. *Philadelphia,
Wilmington, & Baltimore Railroad,* 1 Houston, 469; *Pennsyl-
vania Railroad* v. *Henderson,* 51 Penn. St. 315; *Jacobus* v. *St.
Paul & Chicago Railway,* 20 Minn. 125; *Pennsylvania Co.* v.
*Woodworth,* 26 Ohio St. 585; *Rose* v. *Des Moines Valley Rail-
road,* 39 Iowa, 246.  See *Smith* v. *New York Central Railroad,*
24 N. Y. 222.  See also Redf. Railways (5th ed.) § 178, par. 5.

2.  The agreement and release are without consideration,
because, under the Pub. Sts. c. 112, § 188, the defendant was
under legal obligation to permit the plaintiff to ride in the
baggage car as an express messenger.  The relation of railroad
corporations to express companies and their messengers is fully
discussed in the *Express Cases,* 117 U. S. 1.  In that case it was
held that railroad companies need not, in the absence of a stat-
ute, furnish to all independent express companies equal facilities
for doing an express business upon their passenger trains.  The
St. of 1867, c. 339, now Pub. Sts. c. 112, § 188, is such a statute.
Under that statute, railroad corporations must either do the ex-
press business themselves, or allow express companies to carry it
on over their roads.  See *Sargent* v. *Boston & Lowell Railroad,*
115 Mass. 416; *McDuffee* v. *Portland & Rochester Railroad,* 52
N. H. 430, 439; *New England Express Co.* v. *Maine Central
Railroad,* 57 Maine, 188.

3.  The agreement and release are unreasonable, because the
defendant owes the same duty to one season ticket holder that

it does to another.   Receiving the same compensation for carrying the plaintiff in the baggage car that it did for carrying every holder of a similar season ticket in the passenger car, the duty as to careful carriage ought to be the same.   The plaintiff had no option.   If he failed to sign the release, no reasonable alternative rate, based upon the alleged increased risk of allowing him to ride in the baggage car as an express messenger, was offered him by the defendant.   No increase of carefulness is exacted of railroads as to carriage in the baggage car, beyond what they must exercise in every case with reference to passengers in the passenger cars of the same train ; no extra burden of care or responsibility is therefore imposed upon them in the case of an express messenger.   See *Peek* v. *North Staffordshire Railway*, 32 L. J. Q. B. 241, followed in *Ashenden* v. *London, Brighton, & South Coast Railway*, 5 Ex. D. 190 ; *Allday* v. *Great Western Railway*, 34 L. J. Q. B. 5 ; *Rooth* v. *North-Eastern Railway*, 36 L. J. Ex. 83.

4. It is denied that, if the release is void and not a bar, the plaintiff was, as a passenger, guilty of contributory negligence by being in the baggage car, contrary to the known reasonable regulation that passengers were not allowed to ride in the baggage car.   The plaintiff, while undoubtedly a passenger for hire so far as right to transportation was concerned, was yet not one of that class of passengers who have been held guilty of contributory negligence in being in the baggage car at the time of a railroad accident, nor one of that class to whom the notice was directed which forbade passengers riding in the baggage car.   The notice was clearly intended for passengers who were passengers for transportation only.

5. In order to maintain his case, the plaintiff need only prove one proposition, to wit, that he was rightfully in the baggage car at the time of the accident.   The defendant's negligence is conceded as well as the plaintiff's due care, if he was rightfully in the baggage car.   The plaintiff was rightfully there under the provisions of the Pub. Sts. c. 112, § 188; or, if not, (as the express business was part of the defendant's public duty, and as it was not at the time of the accident discharging it by its own agents,) because it was necessary that somebody should be in the car to perform the duties of a messenger.

*J. H. Benton, Jr.*, for the defendant.

1.  The baggage car is a place of danger, as matter of law, and it was the duty of the defendant to make and enforce a regulation that passengers should not ride in it. *Pennsylvania Railroad* v. *Langdon*, 92 Penn. St. 21. While the question has not been raised in this Commonwealth whether the baggage car is, as matter of law, a known place of danger, so that a passenger cannot recover for an injury received while riding in it, the decisions cover this proposition. *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429, and cases cited. It is clear that the company incurred a greater risk in carrying the plaintiff in the baggage car than in the passenger car; that, as a passenger, he had no right to be carried in the baggage car; and that it was only because of this contract to take his own risk that the company carried him there. An agreement under which the plaintiff was carried in a place where he would not otherwise have had a right to be carried, was a reasonable and proper agreement. The question whether a carrier can exempt itself from the consequences of its own negligence is not settled in this Commonwealth. *Graves* v. *Lake Shore & Michigan Southern Railroad*, 137 Mass. 33. *Railroad Co.* v. *Lockwood*, 17 Wall. 357, does not deal with the proposition upon which he must stand in this case, if at all, that a common carrier cannot by express agreement limit its liability for the negligence of its servants and agents in performing a contract to transport in a different manner from that in which it is bound to transport; but simply with the general question, whether a railroad company carrying passengers for hire in the usual manner can lawfully stipulate not to be answerable for its own negligence or that of its servants as to such carriage.

2.  The plaintiff says, that although he had no right in the baggage car as a passenger, still he had a right as an express messenger to ride in the baggage car without condition; and that when the defendant refused to carry him there unless he would take the risk of being so carried, it attempted to put off its public duties as a common carrier as much as it would have done if it had refused to carry him as a passenger in the passenger car without a similar agreement. The plaintiff's

contention, therefore, must rest wholly upon the effect which should be given to the Pub. Sts. c. 112, § 188.  The plaintiff contends that it does compel railroads to receive into the baggage cars of their passenger trains all persons and companies who desire to be common carriers of other persons, and to transact, in the case of express companies, an independent business of transportation as common carriers in the baggage cars attached to passenger trains of railroads.   The defendant contends that this statute is simply declaratory of the common law, except so far as that may have been modified by *Fitchburg Railroad* v. *Gage,* 12 Gray, 393, and cases following that decision.   If a railroad company becomes a common carrier of one express company or transportation company, it may under this statute be bound to become a common carrier of other express companies, but the statute does not impose upon a railroad company the duty of becoming a common carrier of all other independent common carriers.   The effect that would be produced by a statute making railroads common carriers of all other common carriers, is forcibly set forth in the *Express Cases,* 117 U. S. 1, 23, 24.  See *McDuffee* v. *Portland & Rochester Railroad,* 52 N. H. 430, 457.

3.  The regulation which excluded the plaintiff as a passenger from the baggage car was reasonable, and the contract under which he was obliged to take the risk of riding there, if he chose, for the more convenient despatch of his business, was a reasonable contract, which the defendant not only had a right to make, but ought to have made. · Such contracts have always been sustained by the English courts, even under the Railway and Canal Traffic Act of 1854, which provided that no special contract limiting the carrier's liability as to the carriage of property should be binding, unless adjudged by the court to be just and reasonable.   The rule established by that statute is the proper one to be applied in this country, in the absence of any statute.   *Hart* v. *Pennsylvania Railroad,* 112 U. S. 331, 342.   A common carrier may now limit its liability for negligence in England by any special contract, and the court will not pass upon the question whether that contract is reasonable or unreasonable.   See *Simons* v. *Great Western Railway,* 18 C. B. 805 ; *London & North Western Railway* v. *Dunham,* 18

C. B. 826 ; *White* v. *Great Western Railway*, 2 C. B. (N. S.) 7 ;
*Pardington* v. *South Wales Railroad*, 1 H. & N. 392 ; *M'Manus*
v. *Lancashire & Yorkshire Railway*, 4 H. & N. 327 ; *Garton* v.
*Bristol & Exeter Railway*, 1 B. & S. 112 ; *Peek* v. *North Staffordshire Railway*, 10 H. L. Cas. 473 ; *Allday* v. *Great Western
Railway*, 5 B. & S. 903 ; *Doolan* v. *Midland Railway*, 2 App.
Cas. 792 ; *Manchester Railroad* v. *Brown*, 8 App. Cas. 703 ; *Great
Western Railway* v. *McCarthy*, 12 App. Cas. 218.   The plaintiff.
had an option to be carried in the place where the defendant, as
a common carrier, was bound to carry him under its regulations
without making the contract, or, by making the contract, to be
carried in the baggage car, where the defendant was not bound
to carry him.   Having exercised his option, and received the
benefit, he cannot now repudiate the contract, and recover as
though it had not been made.   Especially is this so in view of
the fact that, if he had been carried in the passenger car, where
alone the defendant was, as a common carrier, bound to carry
him, he would not have been injured, for no persons riding in
the passenger cars were injured.

4.   Can a contract, limiting the liability of a common carrier
for negligence in the performance of its contract to carry, — and
" in the course of time such negligence is inevitable," *Graves*
v. *Lake Shore & Michigan Southern Railroad*, 137 Mass. 33, —
which does not amount to an abandonment of the contract,
and to a wilful or fraudulent injury to the person or property
carried, be properly said to be contrary to any rule of public
policy which the court is bound to enforce?   Doubtful matters
of public policy should be left to the Legislature to settle, for
the Legislature alone has the means of bringing before it all
the considerations which bear on the question.   *Richardson* v.
*Mellish*, 2 Bing. 229, 242.   It is, to say the least, a matter of
doubt whether the right which every person has to make voluntary contracts upon considerations satisfactory to him should be
taken away as to common carriers, upon the ground that the
making of them will tend to make the carrier less careful in
the discharge of its duties towards others.   See *Michigan Central Railroad* v. *Hale*, 6 Mich. 243, 263 ; *Dorr* v. *New Jersey
Steam Nav. Co.* 11 N. Y. 485 ; *Smith* v. *New York Central Railroad*, 24 N. Y. 222 ; *Perkins* v. *New York Central Railroad*, 24

N. Y. 196; *Carr* v. *Lancashire & Yorkshire Railway*, 7 Exch. 707. If contracts which by limiting the liability of a carrier for its negligence tend to induce it to be negligent in the performance of its duty to carry others without negligence, and are thus injurious to others, are therefore void as against public policy, although they may be just and reasonable as between the carrier and the person with whom they are made, the question still remains whether a contract of limitation does in any particular case have that effect. Not every contract which relieves the carrier from any part of the responsibility which will arise in case it is negligent, is void. *Graves* v. *Lake Shore & Michigan Southern Railroad*, 137 Mass. 33. *Hart* v. *Pennsylvania Railroad*, 112 U. S. 331. It is absurd to say that a contract by which the defendant limited its liability for negligence in the carriage of the two express messengers riding in its baggage car tended to induce it to be careless in the carriage of the other persons upon the passenger train. A condition in a free pass exempting the carrier from liability, which it is obvious amounts to a contract on the part of the holder limiting the liability of the carrier for negligence, is by the great weight of authority held valid. *Griswold* v. *New York & New England Railroad*, 53 Conn. 371, and cases cited. See *Wells* v. *New York Central Railroad*, 24 N. Y. 181.

W. ALLEN, J. The rules of the defendant prohibited passengers from riding in baggage cars, and the plaintiff had no right as a passenger to ride where he was riding at the time he was injured. He was there under a special contract, by which, in consideration that the defendant would allow him to ride in the baggage cars, he assumed all risk of accident and injuries resulting therefrom, and agreed to hold the defendant free and discharged from all claims and demands growing out of any injury received by him while so riding. The parties plainly intended to include injuries resulting from the negligence of the defendant's servants.

We need not consider whether the contract would be construed or held to include injuries to which riding in the baggage car did not contribute. There was evidence tending to show that the plaintiff would not have been injured had he been in a passenger car, and that his presence in the baggage car

directly contributed to the injury.   The ruling of the court ordering a verdict for the plaintiff was a ruling that the plaintiff was entitled to recover for an injury caused by the negligence of the defendant's servants, although his riding in the baggage car contributed to the injury.   In considering the correctness of this ruling, the contract of the plaintiff must be taken to have been, that he would assume the risk of injury from the negligence of the defendant's servants to which his riding in the baggage car under the permission given by the defendant should contribute.   The objection is, that the contract is void, as without consideration, as unreasonable, and as against public policy.   We see no objection to the contract as construed and applied in this case.

It was the duty of the defendant as a carrier of passengers to transport persons over its road on their paying the established fare, and to see that its servants used due care to secure the safety of its passengers.   It was its duty to give to persons paying the established rates tickets which would be evidence of their right to carriage, and of the defendant's obligation to carry them with due care.   The defendant was ready to do this, and did sell to the plaintiff a season ticket which gave to him all the rights of a passenger.   The contract in question was made to give him a right which did not belong to him as a passenger. The plaintiff, having the rights of a passenger, desired to ride in the baggage car.   The regulations of the defendant, as well as personal prudence, forbade him to ride there, and, if he had attempted to do so, he not only would have assumed all the risks of injuries resulting therefrom, but would have been liable to be expelled from the car by the defendant.

It is difficult to see upon what ground it can be contended that an agreement of the plaintiff, that, in consideration that the defendant would permit him to ride in the baggage car, he would assume all risk of injuries resulting therefrom, is unreasonable or illegal.   The defendant was under no obligation to give the permission, and the effect of the plaintiff's agreement was only that the liability of the defendant should not be increased by the permission that the plaintiff, if he should be injured in consequence of being in the baggage car, should not be entitled to recover damages of the defendant, on the ground that he was

there by its permission. The contract did not diminish the liability of the defendant. It left the risk assumed by the plaintiff in riding in the baggage car what it would have been without the contract; it only secured him against being ejected from the car.

The question of the right of carriers to limit their liability for negligence in the discharge of their duty as carriers by contracts with their customers or passengers in regard to such duties, does not arise under this contract as construed in this case. See *Railroad Co.* v. *Lockwood*, 17 Wall. 357; *Griswold* v. *New York & New England Railroad*, 53 Conn. 371. It was not a contract for carriage over the road, but for the use of a particular car. The consideration of the plaintiff's agreement was not the performance of anything by the defendant which it was under any obligation to do, or which the plaintiff had any right to have done. It was a privilege granted to the plaintiff. The plaintiff was not compelled to enter into the contract in order to obtain the rights of a passenger. Having these rights, he sought something more. The contract by which he obtained what he sought did not impair his rights as a passenger, and he was under no compulsion to enter into it.

It is contended that the plaintiff, as the servant of the express company, had a right by statute to ride in the baggage car, and that therefore the case comes within the decisions that it is unreasonable and against public policy for a person, as a condition of his becoming a passenger on a railroad, to agree that he will take the risk of the negligence of the servants of the railroad in transporting him. The express company is a common carrier, and it is not contended that a railroad corporation is bound to transport in the baggage cars of its passenger trains the merchandise and servants of another common carrier, unless required to do so by some statute. See *Sargent* v. *Boston & Lowell Railroad*, 115 Mass. 416; *Express Cases*, 117 U. S. 1.

The statute relied on is c. 112, § 188, of the Public Statutes, which is in these words: " Every railroad corporation shall give to all persons or companies reasonable and equal terms, facilities, and accommodations for the transportation of themselves, their agents and servants, and of any merchandise and other property upon its railroad, and for the use of its depot and other buildings

and grounds; and, at any point where its railroad connects with another railroad, reasonable and equal terms and facilities of interchange." The statute cannot be construed to require railroad corporations to discriminate in favor of express companies, and to carry their merchandise and messengers in the baggage cars of passenger trains on reasonable terms, equally favorable to all express companies. If that were the meaning of the statute, no questions as to the equality of the terms given to the plaintiff or the company he represented would arise. The same contract was required of all other express messengers who rode in baggage cars. The only question that would arise is whether the terms granted were reasonable.

The fact that the plaintiff was riding in the baggage car as an express messenger in charge of merchandise which was being transported there, shows more clearly that the contract by the express company and the plaintiff was not unreasonable or against public policy. He was there as a servant engaged with the servants of the railroad corporation in the service of transportation on the road. His duties were substantially the same as those of the baggage-master in the same car; the latter relating to merchandise carried for passengers, and the former to merchandise carried for the express company. His actual relations to the other servants of the railroad corporation engaged in the transportation were substantially the same as those of the baggage-master, and would have been the same had he been paid by the corporation instead of by the express company. Had the railroad done the express business, the messenger would have been held by law to have assumed the risk of the negligence of the servants of the railroad.

It does not seem that a contract between the express company and the plaintiff on the one hand, and the defendant on the other, that the express messenger in performing his duties should take the same risk of injury from the negligence of the servants of the railroad engaged in the transportation that he would take if employed by the railroad to perform the same duties, would be void as unreasonable or as against public policy. When we add the considerations, that the plaintiff was a passenger whose rights as such were not impaired by the agreement, and that the agreement was to assume the risk of injuries

resulting from his riding in baggage cars, in consideration of being permitted to ride there to conduct the express business, it seems clear that the contract is a valid and sufficient defence to an action against the defendant for injuries resulting from the negligence of the defendant's servants, to which the fact that the plaintiff was riding in the baggage car under the agreement contributed.    *Exceptions sustained.*