STEPHEN D. HOSMER *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    March 2, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Railroad Company — Negligence — Express Messenger — Riding in Baggage Car — Agreement to assume Risk — Personal Injuries to which Riding in Baggage Car did not contribute.*

If an express messenger, holding a season ticket from a railroad company, and desiring to ride for the conduct of his business in a baggage car in contravention of its rules, agrees to assume all risk of injury therefrom, and to hold the company harmless therefor, he takes the risk of all injuries received by him while riding in the baggage car.

TORT. Trial in the Superior Court, before *Maynard*, J. who reported the case for the determination of this court, in substance as follows.

On February 1, 1883, the plaintiff executed and delivered to the defendant corporation the following agreement.

"Old Colony Railroad Company, Boston, Feb. 1, 1883. Whereas under the rules of the Old Colony Railroad Company passengers are not allowed to ride in the baggage car of any trains, but the undersigned, holder of a season ticket, being engaged in the express business, is desirous of riding in such car for the more convenient despatch of his business as an expressman, it is understood and agreed that, in consideration of said company allowing him to ride in baggage cars on its trains, the undersigned will assume all risk of accidents and injuries resulting therefrom, and will hold said company free and discharged from all claims and demands in any way growing out of any injuries received by him while so riding. Stephen D. Hosmer."

The plaintiff then purchased a season ticket similar to that issued to all persons who desired to purchase them, entitling him to the rights of a passenger on the defendant's road and good for three months, and thereafter from time to time purchased similar tickets, and was allowed to ride in the baggage cars of the passenger trains on the defendant's road, for the more convenient despatch of his business as an expressman, until

August 19, 1890, when he was riding in a baggage car conducting his business as an expressman, having a season ticket, and was injured while himself in the exercise of due care, and thereby damaged to the extent of two thousand dollars, by an accident, which arose as follows.

An obstacle had been carelessly left on the track by employees of the defendant while they were engaged in repairing it. The train in which the plaintiff was riding was thereby derailed. It consisted, in the following order, of an engine, which was thrown on the roadside; the baggage car, which was thrown on its side, and the framework of the body of which was unbroken; a Pullman car thrown off the track in line with it; a smoker thrown diagonally across the track; passenger car No. 263, which was a total wreck; car No. 262, the front end of which was off the track; and four other cars which remained on the rails. There were three hundred and ninety-one passengers, of whom twenty-three died from the accident, and some sixty or seventy were more or less seriously injured. The larger portion of injured passengers were on the totally wrecked car, but the remainder were scattered through the various cars including those that remained on the track. The only other persons in the baggage car were the conductor and baggage master of the train, who were not seriously injured.

The defendant asked the judge to rule that, on the foregoing evidence, the plaintiff was not entitled to go to the jury. The judge so ruled, and directed a verdict for the defendant. If the plaintiff was entitled to go to the jury, the verdict was to be set aside and judgment entered for the plaintiff in the sum of two thousand dollars; otherwise, the verdict was to stand.

*J. D. Long*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

LATHROP, J. In *Bates* v. *Old Colony Railroad*, 147 Mass. 255, the plaintiff had a contract similar to the one in the case at bar, and also a season ticket. It was held that he had no right, by virtue of the season ticket alone, to ride in the baggage car; and that, if the contract were construed in the manner most favorable to the plaintiff, namely, so as to include only injuries occasioned by his riding in the baggage car, still he could not recover for such injuries. The question whether the contract

ought to be construed to include injuries to which riding in the baggage car did not contribute was not decided.

This question is now presented to us, and we are of opinion that the contract does include such injuries. The contract, after reciting that the railroad company does not allow passengers to ride in the baggage cars of any of its trains, and that the undersigned (the plaintiff) "is desirous of riding in such car for the more convenient despatch of his business as an express-man," proceeds as follows: "it is understood and agreed that, in consideration of said company allowing him to ride in baggage cars on its trains, the undersigned will assume all risk of accidents and injuries resulting therefrom, and will hold said company free and discharged from all claims and demands in any way growing out of any injuries received by him while so riding."

It seems to us that the natural and fair import of the words used was that the plaintiff should take the risk of all injuries received by him while riding in the baggage car, however arising. The place where he was riding was one in which the defendant was under no obligation to carry him. The contract gave the plaintiff a privilege which he sought for his own convenience. That it was a valid contract cannot be questioned since the decision in *Bates* v. *Old Colony Railroad, ubi supra.* See also *Quimby* v. *Boston & Maine Railroad,* 150 Mass. 365.

In accordance with the terms of the report, there must be judgment on the verdict for the defendant. *So ordered.*