## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company *v.* Mahoney, Administrator.

[No. 3,718. Filed March 11, 1902. Rehearing denied June 27, 1902. Transfer denied October 17, 1902.]

APPEAL AND ERROR.—*Law of Case.*—*Carriers.*—*Express Companies.*— *Personal Injuries.*—*Exemption from Liability.*—Where the facts pleaded in an answer in an action for damages for the death of plaintiff's decedent were held on a former appeal to constitute a complete defense to the action, and upon a new trial the defendant proved the facts averred in the answer, and plaintiff wholly failed to introduce any evidence tending to take the case out of the operation of the rule of law announced upon the former appeal, a judgment for plaintiff will be reversed on a subsequent appeal as not in accord with the law of the case.

From Howard Superior Court; *Hiram Brownlee,* Judge.

Action by Thomas F. Mahoney, administrator of the estate of Oscar P. J. Romich, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company for damages for the death of decedent. From a judgment for plaintiff, defendant appeals. *Reversed.*

*N. O. Ross* and *G. E. Ross*, for appellant.

*G. S. Kistler, J. C. Blacklidge, C. C. Shirley, M. Winfield, M. B. Lairy* and *M. F. Mahoney*, for appellee.

HENLEY, J.—This was an action for damages growing out of the death, by the alleged wrongful act of appellant, of the decedent Romich. Upon a former appeal in this cause *(Pittsburgh, etc., R. Co.* v. *Mahoney,* 148 Ind. 196, 40 L. R. A. 101, 62 Am. St. 503), the Supreme Court, in an opinion by Hackney, J., stated the facts fully which led up to the death of said Romich, and, upon the facts so presented, the following rules of law were established. It was therein held that railroad companies may contract as private carriers in transporting express matter for express companies, and may require from such companies exemption from liability for negligence as one of the conditions to the obligation to carry. And it was further held that an employe of an express company, who goes upon the tracks of a railroad company in the course of his employment is chargeable with notice of such a contract existing between his employer and the railroad company, to the effect that his employer will hold the railroad company harmless against any claim he may have arising out of the negligence of the railroad company. It was further held in said cause that the execution of a release by an employe of an express company of all liability for injuries sustained by the negligence of the employer "or otherwise," includes the liability of the express company to hold the railroad company with which it does business harmless against claims by employes of the express company for injuries, and precludes an action against the railroad company for causing the death of an employe of such an express company, where such death was caused by closing the opening between parts of the train, while such employe was passing between them while engaged in the discharge of his duty as an employe of such express company. In support of this doctrine the Supreme Court has cited the cases of the

*Louisville, etc., R. Co.* v. *Keefer,* 146 Ind. 21, 38 L. R. A. 93, 58 Am. St. 348; *St. Louis, etc., R. Co.* v. *Southern Express Co.,* 117 U. S. 1, 6 Sup. Ct. 542, 29 L. Ed. 791; *Hosmer* v. *Old Colony R. Co.,* 156 Mass. 506, 31 N. E. 652; *Bates* v. *Old Colony R. Co.,* 147 Mass. 255, 17 N. E. 633; *Coup* v. *Wabash, etc., R. Co.,* 56 Mich. 111, 22 N. W. 215, 56 Am. Rep. 374; *Quimby* v. *Boston, etc., R. Co.,* 150 Mass. 365, 23 N. E. 205, 5 L. R. A. 846; *Griswold* v. *New York, etc., R. Co.,* 53 Conn. 371. We cite in addition the late cases of *Russell* v. *Pittsburgh, etc., R. Co.,* 157 Ind. 305, and *Baltimore, etc., R. Co.* v. *Voigt,* 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560, where the doctrine is fully upheld.

One of the specifications of the appellant's assignment of errors challenges the ruling of the trial court in overruling appellant's motion for a new trial. One of the reasons urged in the motion for a new trial was that the verdict was not sustained by sufficient evidence. Answers were filed, and held sufficient by the trial court, in which it was averred that the decedent was an employe of Adams Express Company at the time he was injured, and that such employment was under a contract in writing, in which he assumed all the risk of danger to which he might be exposed, and released said company and all carriers employed by it from liability for death or personal injury from any cause, whether by negligence of either of said companies or their servants or agents. It was also averred that appellant was doing the business of said express company under a contract by the terms of which said express company assumed all risk from loss or damage that might result from the operation of said business, and save the appellant harmless against such loss or damage, and especially to protect appellant against claims of employes of said express company, whether such claims should occur through the gross negligence of appellant or of its employes, or otherwise. These answers, as heretofore stated, were held good by the

trial court.   The facts therein stated were held to constitute a defense to this action upon the former appeal of this cause, and such rule, whether right or wrong, became the law of this case.

The allegation of plaintiff's complaint that appellant carried the express matter of the Adams Express Company as a common carrier, while it might be sufficient to avoid the force of the law as announced upon the former appeal in this cause, is of no avail here, for the reason that appellee wholly failed to make proof of this fact.   The uncontradicted evidence, on the contrary, was that appellant did not carry matter for said express company as a common carrier, but under a special contract between appellant and said Adams Express Company.   The evidence further showed that at the time decedent was killed he was an employe of Adams Express Company, and was acting in the course of his employment when he entered upon appellant's tracks and was killed.   Appellant fully made out its defense under the law as announced upon the former appeal of this cause, and the appellee wholly failed to introduce any evidence which tended in any manner to take the case without the operation of the rule so announced.

It was not only shown by the evidence that appellant did not carry express matter for the Adams Express Company as a common carrier, but it was shown that it carried such express matter under a special contract.   It was not only shown that decedent was not in the place where he was killed as a part of the public who might have been entitled to be there, but it was shown that he was there solely as an employe of the express company, in the discharge of his duties as such.   It is further shown that as an employe of such express company he was bound by the contract entered into by and between the appellant and the express company, and by a contract of employment between the express company and himself, and that this contract exempted appel-

lant from liability to the decedent. Thus it will be seen that the evidence makes a case squarely within the law as announced upon the former appeal in this cause, and there can be no recovery herein.

We do not think, under the law as announced upon the former appeal, that the Supreme Court left any open question for us in this case. Judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial.