### LONG v. LEHIGH VALLEY R. CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1904.)

#### No. 146.

1. CARRIERS—INJURY OF EXPRESS MESSENGERS—CONTRACT LIMITING LIABILITY.
   An express messenger while riding in a railway car in the performance of the duties of his employment is not a passenger, nor does the railroad company occupy the relation of common carrier toward him, but of a private carrier only, and there is no public policy which forbids the parties from contracting for its exemption from liability for negligence in the carrying of such messenger; and a contract with the express company by which the messenger, as a condition of his employment, assumes all

¶ 1. Limitation of liability for injury to passengers, see note to Clark v. Geer, 32 C. C. A. 301.

risk of injury while so riding, and one between the express and railroad companies by which the former agrees to hold the latter indemnified against claims for injuries to its employés, whether arising from negligence or otherwise, are valid and effective to prevent a messenger injured in collision due to the negligence of railroad employés from recovering therefor against the railroad company.

2. SAME—CONSTRUCTION OF CONTRACT OF EMPLOYMENT.

A contract by which an express messenger, as a condition of his employment, assumes all risk of personal injury while riding on any transportation line, and agrees to release and indemnify the company or any transportation company with which it may contract from any claim which might be made on account of any such injury, must be construed to apply to an injury resulting from negligence of a railroad company in whose car he is riding in the course of his employment, since, not being a passenger while so riding, no claim could be made against the company except on the ground of negligence.

3. SAME.

An express messenger riding in a railway car in the discharge of the duties of his employment is chargeable with notice of the contract undei which he is being transported by the railroad company.

In Error to the Circuit Court of the United States for the Western District of New York.

E. C. Aiken, for plaintiff in error.

James McC. Mitchell, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the plaintiff in the court below to review a judgment for the defendant. Upon the trial the court directed the jury to render a verdict for the defendant. The assignments of error challenge the correctness of that ruling.

The action was brought to recover damages for personal injuries sustained by the plaintiff. At the time of the accident in which he was injured he was in the employment of the United States Express Company as a messenger, and was engaged in the duties of such employment in an express car on one of the defendant's trains. The accident was caused by a collision between that train and a switching engine of the defendant, owing to the negligence of the employés of the defendant in charge of the switching engine. The contract of employment between the plaintiff and the United States Express Company contained the following provision:

"I understand that I may be required to render services for the company on or about the railroad, stage and steamboat lines used by the company for forwarding property, and that such employment is hazardous; I assume the risk of accident and injury to myself arising out of such employment, and release and indemnify the United States Express Company, and the corporations or persons owning or operating said transportation lines, from any or all claims that I or my executors or administrators might make, arising out of any such accidents or injuries that may happen to me while so employed."

By a contract between the United States Express Company and the defendant, in force at the time the plaintiff entered upon his employment and at the time of the accident, it was provided that the defendant should not be or become liable or responsible to any person for any damage or injury happening to or sustained by any employé, servant, or

agent of the express company while acting for the express company in or about its business, whether such injury should have been occasioned by or through the negligence, omission, or default of the railroad company, or otherwise, "it being distinctly understood and agreed that the express company hereby assumes and undertakes to pay and indemnify the railroad company for and against all and every claim and demand for loss and injury of any nature to life, person or property arising from the performance of this contract."

The trial judge ruled that, in view of the contracts between the plaintiff and the express company, and the express company and the defendant, the defendant was not liable. It is quite unnecessary to refer to the numerous decisions in the state courts on similar or analogous cases. The case of Baltimore & Ohio Railway Company v. Voigt, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560, is decisive, and is controlling as authority in this court. In that case Voigt had made a contract with the express company by which, as a condition of his employment as an express messenger, he agreed to assume the risk of all accidents and injuries that he might sustain in the course of his employment by negligence or otherwise, and to indemnify and hold the express company harmless for all claims that might be made against it arising from any claim or recovery on his part for the damages sustained by him by reason of any injury whatever resulting from negligence or otherwise, and to release to the company operating the transportation line upon which he might be injured all claims, demands, and causes of action arising out of any such injury, and to ratify all agreements made by the express company with any transportation line, in which the express company had agreed or might agree that its employés should have no cause of action for injuries sustained in the course of their employment upon the line of the transportation company. The express company had made a contract with the Baltimore & Ohio Railway Company substantially like that between the express company and the defendant in the present case. While in an express car upon one of the trains of the railroad company, engaged in performing his duties as express messenger, Voigt was injured by a collision between the train to which his car was attached and another train of the railroad, caused by the negligence of the employés of the railroad company. The court held that Voigt, occupying the express car as a messenger in charge of express matter, in pursuance of the contract between the companies, was not a passenger; that he was not constrained to enter into the contract whereby the railroad company was exonerated from liability to him; and that such a contract did not contravene public policy. The case was presented to the court upon a certificate of a division of opinion between the judges in the court below, and although, in answering the questions certified, it was not necessary for the court to decide whether the railroad company was liable to Voigt under the circumstances, the answer necessarily enforced that conclusion. The opinion proceeds upon the reasoning that Voigt's only right to be on the train of the railroad company was that created by the terms of his contract with the express company; that the railroad company did not assume towards him the obligations of a common carrier to a passenger, but only assumed those of a private carrier; and

that a private carrier is free to contract as to the conditions of the carriage, and no reason of public policy forbidding a common carrier from stipulating against its own negligence applies to such a contract. It is said that the contract in that case in terms included among the risks assumed by the express messenger accidents and injuries occasioned by negligence, while the contract here does not; and it is urged that, in the absence of such a stipulation, the contract should be construed not to extend to that class of accidents or injuries. This contention would doubtless be sound if the parties contracting had not been treating on terms of equality, as is the case between a common carrier and a shipper of goods or a passenger. But when this is not the case, and no rule of public policy forbids a contract by which one of the parties is exonerated from any risk arising from negligence, there is no reason why the ordinary rules of construction should not obtain, and the contract be given effect according to the intention of the parties. The observations of this court in McCormick v. Shippy, 124 Fed. 48, 59 C. C. A. 568, are appropriate:

"There is no question of public policy involved in this contract, as in the case of a common carrier. It is well settled that the parties in such a case have the right to provide by apt language against liability for negligence. * * * The clause must be interpreted to include loss through negligence, because for loss not arising from negligence he would not be liable."

So, in this case, the defendant, being merely a private carrier in respect to the plaintiff, owed him merely the duty of ordinary care, and could only have been liable to him for injuries arising from negligence, and the release made in advance must have contemplated accidents and injuries of that character. In Bates v. Railroad Company, 147 Mass. 255, 17 N. E. 633, the agreement between the express messenger and the express company was that the former "will assume all risk, and accidents and injuries resulting therefrom, and will hold said company free and discharged from all claims and demands in any way growing out of any injuries received by him while so riding." In Hosmer v. Railroad Company, 156 Mass. 506, 31 N. E. 652, the plaintiff was an expressman, and had agreed that, in consideration of the company's allowing him to ride in baggage cars on its trains, he would "assume all risk of accidents and injuries resulting therefrom." In both cases the language of the contract, although not expressly including injuries or accidents by negligence, was construed to relieve the railroad company from liability for injuries by negligence. In Chicago, etc., R. Co. v. Wallace, 66 Fed. 506, 14 C. C. A. 257, 24 U. S. App. 589, 30 L. R. A. 161, the language of the contract was as general as it is in the present case, and the railroad company was exonerated from liability.

It is also urged for the plaintiff that the contract did not release the defendant in the absence of evidence tending to show that the plaintiff had any knowledge or information of the provisions of the contract between it and the express company. Upon this point the language of Judge Earl in Blair v. Erie Railway Company, 66 N. Y. 313, 23 Am. Rep. 55, commends itself to our approval:

"He was not a passenger upon the train. He was upon the train in an express car, engaged in the separate business of the express company. He was

in that car lawfully, only as he was there under the agreement. He knew that he had not paid any fare, and that he had made no contract for his carriage. He must have known that he was there under some arrangement between the express company and the defendant, and that whatever right he had to be transported was as the servant of the express company. He was there, not in his own right, but in the right of the express company, and hence he was bound by the arrangement that company made for him."

Moreover, the general language of the release extended to every contract, existing or future, between the express company and any corporation operating a transportation line upon or by which the plaintiff might encounter the risk of accident or injury.

The ruling of the court below in directing a verdict was correct, and the judgment is affirmed.