The San Antonio & Aransas Pass Railway Company et al.
v. E. T. Adams.

No. 491.

1. **Parties—Receivers.**—Action for damages for personal injuries caused by negligence by operatives of defendant railway, against the railway and the receivers appointed subsequent to the injury. *Held*, there was no misjoinder of parties. The judgment was against the railway, and was certified to the court controlling the receivership.

2. **Briefs — Assignments of Error.**— Several assignments of error were not set out in the brief of the appellants, but a proposition was made summarizing them, with a statement that the court erred in overruling defendants' special exceptions to the petition. There were several exceptions involving several questions, and they were not set out in the brief. *Held*, the assignments should not be considered.

3. **Pleading—Injuries—Specifications.**—The actual facts of injuries and their consequences should be alleged, to admit their proof. They should be stated with as much certainty as their character and nature permit. See insufficient allegations to admit testimony.

4. **Negligence—Particular Acts.**—Particular facts of negligence implied from a negligent act need not be alleged when it is not in the power of the

pleader to do so. Such facts are peculiarly within the knowledge of the defendant. But the facts of injury known to the pleader should be set out.

5. **Charge—Express Agent.**—Plaintiff was an express agent on duty in the baggage car. The cars fell through a defective bridge, causing injury. On trial the court charged the jury that "plaintiff was entitled to the same care as passengers are when travelling on railways, so far as consistent with his position in the car occupied by him by reason of his employment." This was proper, and it was not error to refuse an instruction asked by the defendant, "that if plaintiff's injuries were caused by his being in the baggage car, * * * he could not recover." The passenger car did not fall through the bridge.

6. **Fellow Servant—Defective Bridge.**—A railway wreck was caused by a defective bridge on the track. In such case the doctrine of fellow servant could not apply. It was the duty of the railway to keep its road and bridges in reasonably safe condition.

7. **Judgment—Receivers.**—In judgment for damages against a railway company whose road before trial had been placed in hands of a receiver, and who was a party to the action, it was proper that the judgment against the railway be certified to the receiver for classification.

8. **Contract Assuming Risks.**—An express company contracted with the railway, assuming "all risk of loss or damage arising out of or resulting from its operations, under this agreement." This did not bind the express company to indemnify the railway company against injuries to a messenger resulting from its negligence. The railway company could not by contract make a third party responsible for negligence or wrong to passengers or employes so as to bind the latter, even with their consent.

APPEAL from Caldwell. Tried below before Hon. H. TEICHMUELLER. The opinion gives a full statement.

*Storey & Storey*, for appellants.—1. Allegations for the recovery of damages should be sufficiently definite to show what injuries were done by the alleged wrongful act, upon what part of the body, and the extent of the injury, so that he could from the allegations in the petition prepare his testimony to meet them. 64 Texas, 85.

2. A party may contract in writing to carry on in conjunction its legitimate business, and either can contract to save the other harmless from any danger arising by reason of the business so contracted to be carried on; or any person can upon a proper consideration contract to take the risk of danger for carrying on a business.

3. General allegations of damage, if not excepted to, will admit proof only of such facts as the law would imply from the fact stated, and of such injuries as are the necessary and inevitable result of the injury alleged, but not of those which might result from the injury pleaded. Therefore if damages actually sustained do not necessarily result from the act complained of, so as to be implied by law, and the plaintiff does not specially plead them for notice to the defendant, he will not be permitted to introduce evidence of them upon the trial.

4. The allegations in the petition were general, and the character of the injury actually sustained could not be inferred from the allegations, as they were not the necessary inevitable result of the injury alleged. 2 Sedg. on Dam., 606; 3 Suth. on Dam., 426; Railway v. Curry, 64 Texas, 85; Commige & Geisler v. Stevenson, 76 Texas, 645; Furlady v. Palleys, 30 Me., 491; Piney v. Berry, 61 Mo., 359; Saffer v. Day, 5 N. Y., 700.

*Denman & Franklin* and *W. O. Hutcheson*, for appellee.—1. The tenth assignment of error is too indefinite to be considered. The verdict was amply sustained by the proofs. Railway v. Smith, 74 Texas, 276; Railway v. Wilson, 79 Texas, 374; Railway v. Anderson, 6 Am. and Eng. Ry. Cases, 407; Ellitt v. Railway, 12 Am. and Eng. Ry. Cases, 183; Railway v. Daugherty, 6 Am. and Eng. Ry. Cases, 139; Railway v. Rainbolt, 21 Am. and Eng. Ry. Cases, 467; Graham v. Railway, 34 Am. and Eng. Ry. Cases, 397; Railway v. Spenser, 21 Am. and Eng. Ry. Cases, 478; Railway v. Thompson, 27 Am. and Eng. Ry. Cases, 88; Coddington v. Railway, 26 Am. and Eng. Ry. Cases, 393; Railway v. Halloren, 53 Texas, 46; Railway v. Pomeroy, 67 Texas, 499; Railway v. Hadnot, 67 Texas, 503; Railway v. Holliday, 65 Texas, 512; Railway v. Wood, 69 Texas, 679; Railway v. McGown, 65 Texas, 640; Railway v. Hewitt, 67 Texas, 473.

2. The undisputed evidence in the case showed that appellant was not in the employ of the defendant company; that he was in the employ of the Pacific Express Company, and was travelling when hurt on one of said defendant's cars as a messenger for said express company, and in the performance of his duties as such messenger. Railway v. Wilson, 79 Texas, 374; Mellor v. Railway, 14 S. W. Rep., 758; Railway v. Wahlsack, 41 Am. and Eng. Ry. Cases, 70, note; Railway v. Seybolt, 18 Am. and Eng. Ry. Cases, 162; Railway v. Price, 1 Am. and Eng. Ry. Cases, 234; Hammond v. Railway, 24 Am. Rep., 467; Hutch. on Carr., secs. 563, 564; Thomp. on Carr. of Pass., 45; Lyons v. Railway, 35 Fed. Rep., 111.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the appellee, E. T. Adams, against the San Antonio & Aransas Pass Railway Company for alleged injuries to him, occurring on the 2nd day of January, 1890, making B. F. Yoakum and J. S. McNamara, receivers of the road, parties defendant. It was alleged by the plaintiff that the company was operating the road at the time of his injuries.

Plaintiff's cause of action as alleged is as follows: On the date of his injuries he was express messenger in the employ of the Pacific Express Company, whose express matter was being carried by defendant between Yoakum and Lockhart on its train. Plaintiff was in charge of the express business between the two points, and by some contract between the two companies, the defendant company was bound to carry plaintiff as messenger and the goods in his charge as such. On the way from Yoakum

to Lockhart, plaintiff riding in the baggage car in the rear of the tender on the passenger train, which was exclusively under the control of defendant, about one mile from Shiner, through the negligence of defendant, while crossing a bridge over a stream, the engine and the car in which plaintiff was travelling fell through the bridge into the stream. In the car upon which plaintiff was riding there was a large amount of baggage, trunks, valises, etc., and when the car fell through plaintiff was hurled on the floor of the car and the baggage hurled against him, and, in the language of the petition, "he was pinned down to the floor of the car and submerged in the water, and thereby wounded, bruised, injured, and hurt permanently, greatly frightened and alarmed, and caused great physical pain and discomfort and suffering, and caused great mental pain, agony, and fear, and permanently disabled from that time on from doing any but the very lightest labor, and has continued from that time on, and does now, suffer great physical and mental pain and agony from the said injury so received by him, to his actual damage in the sum of $15,000."

Plaintiff also set up gross negligence on the part of the company, and asked for exemplary damages, which were abandoned before trial.

Defendants, by amended answer, filed a general demurrer, special exceptions, and general denial; and specially answered, that plaintiff was on the train as agent of the Pacific Express Company, with whom defendants had a contract to carry plaintiff on the cars, by which agreement the express company was to save harmless the defendants for any and all damages growing out of the transportating of their express business and of its agent, of which plaintiff had notice and to which he had assented at the time he entered upon his employment as express agent; and that if he was injured as stated, and if defendants are held liable, the express company, under its contract, was "alone liable," and are proper and necessary parties herein. The answer refers to the contract as the same attached to the answer of the express company.

Defendants further answered, that at the time of the alleged injuries plaintiff was in their employ as a baggage master, and if he was injured it was by the negligence of defendants' employes, fellow servants of the plaintiff, and defendants would not be liable.

Defendants further answered, that plaintiff was cognizant of the unsafe condition of the bridge, and that by his acts in continuing to travel on the cars over the bridge after he knew its condition, he assumed the risk and contributed to his own injury, whereby defendants are not liable. Defendants pray for judgment, and in case they should be held liable, then for judgment over against the express company.

The express company, upon being made party defendant, filed exceptions to the answer of defendants, claiming that it was improperly made a party, and filed and attached the contract between the two companies, and denied any liability for the alleged injuries of plaintiff.

The contract contained mutual promises by the parties, and among other things, the railway company agreed, upon proper application, to furnish free transportation over its lines to such officers and agents of the express company as might be necessary to supervise its business. There is a provision in the contract, that where one man is employed to handle both express and baggage matter, the express company should pay two-thirds and the railway company one-third of his salary.

The clause in the contract relied upon by defendant railway company as binding the express company to hold the former harmless from damage for injuries to plaintiff is as follows:

"B. Said express company assumes all risk of loss or damage arising out of or resulting from its operations under this agreement, and shall hold harmless the said railway company against the same."

The court sustained exceptions of the express company to the answer of the other defendants making it a party defendant, and dismissed it from the suit. The general demurrer and exceptions of defendants to the plaintiff's petition were overruled. There was a verdict and judgment for plaintiff against the defendant railway company for $7000. The damages being found to result from injuries to plaintiff while the railway was operated by the company, after which it passed into the hands of the receivers, Yoakum and McNamara still being receivers, it was ordered that the judgment be certified to the court (State District Court) in which the receivership is pending, for classification and allowance.

*Opinion.*—1. Appellants ask us to reverse the judgment because there was error in overruling the general demurrer to plaintiff's petition. From the proposition made under this assignment, the point seems to be, that the plaintiff sought to make the railway company and the receivers jointly liable.

The receivers are sued, or at least joined as defendants in the action, but the wrong complained of is charged to the defendant company when the company was operating the road. It is not stated in the petition when the road went into the hands of the receivers, but it could not have been until after the acts complained of, which are alleged to have been at the time when the company was operating the road. The facts show, and all the allegations seem to charge, that the acts complained of were commited by the company before the receivers were appointed. The judgment of the court cures any seeming asserted error in this, as it is against the company, and ordered to be certified to the receivers for classification and allowance.

2. The brief of appellants refers to the second, third, fourth, fifth, and sixth assignments of error, without setting them out or stating what they contain, and then summarizes them with the statement that the court erred in overruling defendants' special exceptions to plaintiff's petition. There

are several special exceptions, involving several questions, and they are not set out in the brief, as required by the rules. The assignments should not be considered.

3. Much of the testimony was admitted, over objections of the defendants, that should not have gone to the jury, under the allegations in the petition. In the statement we have made we have set out the averments as to plaintiff's injuries.

Defendants urged a special exception to the petition, to the effect that it was not sufficiently definite in showing what particular injuries were inflicted by the wrong done to authorize the damages claimed. The court overruled the exception.

On the trial the court allowed the testimony to go to the jury of special and particular physical injury; that there was a fracture or displacement of the ribs on the left side, which pressed upon adjacent parts, injuring the lungs and liver, causing pleuritic abrasion and contraction of the liver; that the spine was injured, and that he suffered from cough, constipation, and great emaciation, and was physically and mentally and permanently incapacitated; that his left arm was crushed in the wreck, his left leg bruised all the way down, a large piece of flesh gouged out of the leg, making a hole; that two toes on the left foot were bent back; and that he received a deep cut over the eye and one over the left ear, injuring his sight and impairing his hearing; and that his head was hurt, impairing his mind and memory.

The assignments of error as to the admission of parts of this testimony over objections of defendant, the petition not alleging the facts, should be sustained, in view of the fact that there was a special exception to the petition, which was overruled by the court.

The actual known facts of injury and their consequences should have been alleged to admit their proof. They should have been stated with as much reasonable certainty as their character and nature permitted, so as to advise the opposite party what character of proof to expect, and what the extent of the injury and basis of damages were. To admit proof of the particular facts under a general allegation of bruises and hurts, would be a violation of the rule requiring that distinctness in averment which would prevent surprise.

The petition was good as against a general demurrer, and was amendable, but it was not sufficiently definite as to admit proof of the particular hurts not alleged, there having been a special demurrer to the sufficiency of the petition pointing out these defects.

Particular acts of *negligence* implied from a negligent act need not be alleged when it is not in the power of the pleader to do so. Such facts are peculiarly within the knowledge of the defendant. But the facts of *injury* are known to and should be set up, if the pleader can do so. Rail-

way v. Curry, 64 Texas, 85; 75 Texas, 500; 75 Texas, 155; Railway v. Smith, 74 Texas, 276; Railway v. Wilson, 79 Texas, 374.

4. Appellants complain of the refusal of a special charge asked, to the effect that if plaintiff's injuries were caused by his being in the baggage car, and that if he had been in the passenger car he would not have been injured, then he can not recover.

The facts show that the baggage car, where it was plaintiff's duty to be, went through the bridge, but the passenger car right behind it did not.

The court, in the general charge, instructed the jury, that plaintiff was entitled to the same care as passengers are when travelling on railroads, so far as consistent with his position in the car occupied by him by reason of his employment.

The court's charge made the proper distinction as to risks in the different cars. The charge asked was incorrect. The fact that the baggage car was wrecked and the passenger car was not, and that plaintiff would not have been hurt if he had been in the passenger car, would not exonerate the company from the consequences of its negligence in failing to provide a reasonably safe bridge and keep it in repair.

5. It was not error for the court to refuse the requested charge of defendants, that if plaintiff at the time of the injury was in the employ of defendants as a baggageman, and his injuries resulted from the negligence of other employes of defendants, they would not be liable.

The doctrine of fellow servants does not apply. Plaintiff's injuries resulted from the defective condition of the bridge or its supports. It was the duty of defendant to use ordinary care in the construction of its road and bridges, and to keep them in repair and reasonably safe condition for its employes travelling upon its cars. This duty and responsibility it could not shift to its employes, so as to relieve it of liability, upon the doctrine of fellow servants.

If plaintiff was at the time of his injuries in the employ of the defendant company as baggage master—a question for the jury under all the facts—the company was bound to use ordinary care in constructing its road and bridges with a view to his safety, as well as that of other employes. If he was in fact not in the employ of the company, but was on the car only as the express messenger of the express company, then the company owed him the same degree of care in providing for his safety as would be due a passenger, with the exception of the risk incident to the character of a baggage car and the goods carried therein.

Plaintiff, though he may have been in the employ of defendant as baggage master, did not assume the risk incident to the failure of defendant to keep its road and bridges repaired and in reasonably safe condition. It was bound to use ordinary care for the safety of its servants.

6. It was not error to render the judgment against defendant and order it certified to the receivers for classification. The injury occurred while the company was operating the road, after which the receivers were appointed. As a part of the statement of facts, it was agreed by the parties that the road had been placed in the hands of the receivers since the institution of the suit. The receivers, being parties, are bound by the judgment.

7. One question only remains to be considered—the ruling of the court sustaining exceptions of the express company to the answer of defendants making it a party defendant, which is assigned as error.

Defendants had the express company made a party defendant upon the ground, as before seen, that it was liable to plaintiff for his damages, and was liable over to defendants in case they should be held liable to plaintiff for his injuries. The contract relied upon by defendants as showing such liability on the part of the express company is referred to by defendants' answer as the one set up and attached to the express company's exceptions and answer.

The contract may then be examined in considering the exceptions, to ascertain if such liability exists. We have heretofore set out the language of the only clause in the contract which has any application to the question. We do not think it was intended by that clause to bind the express company to indemnify the railway against injuries to a messenger resulting from the negligence of the railway company. The express company assumed risks " arising from *its* operations " under the agreement; that is, as we construe it, its own losses, and losses for which it would be responsible. It was not liable in any sense to plaintiff for his injuries caused by the negligence of the railway company in failing to keep its bridges and roadbed in repair, and his injuries could not be a loss to the express company. There was no error in sustaining the exceptions and dismissing it. If there had been an agreement between the two companies of the kind insisted upon by the defendants, plaintiff, even though he assented to it, would not be bound thereby. The railway company could not contract to make a third party responsible to its employes, or to passengers, for its negligence and wrong, so as to bind the latter, even with their consent; nor will we be understood as holding that such a contract would be binding upon such third party. But we rest our opinion upon the contract itself as not intended to create such a liability.

Because of the error pointed out in admitting evidence not provided for in the allegations of the petition specially demurred to, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 24, 1894.