| 80 | 475 |
| s182 | s332 |

| 80 | 475 |
| 108 | 238 |

---

## John B. Blank, Jr., v. Illinois Central Railroad Co.

1. EXPRESS COMPANIES—*Special Contracts with Railroad Companies.*—Special contracts between express and railroad companies, over whose lines express matter is carried, giving special and exclusive privileges to the former, are lawful.

2. SAME—*Rights of Employes.*—The rights of a messenger in the employ of an express company are the same as those of his employers, under special contracts with the railroads over whose lines he travels in discharge of his duties.

3. EXPRESS MESSENGERS—*Rights of, Under Transportation Contracts with Railroad Companies.*—Where a person is employed by an express company to take charge of its property in transit over the lines of a railroad under a contract which waives the right of recourse for damages on account of the negligence of the railroad company or its employes he accepts the terms of the contract by taking such employment and waives his right of recourse for damages in case of personal injuries.

4. EMPLOYER AND EMPLOYE—*Where the Employe is Bound by His Employer's Contract with a Third Party.*—A person who enters into the employ of an express company to take charge of the packages which it transports in cars, and in which he rides over the lines of a railroad company under a special contract waiving the right to damages for personal injuries on account of the negligence of the railroad company, is chargeable with notice that the express company and himself, as

its representative, have the right to occupy such cars only by special license, which he can not do and at the same time hold the railroad company for any injuries he may sustain.

**Trespass on the Case**, for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Judgment for defendant by direction of the court; error by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed March 14, 1899.

The contracts referred to in the opinion are as follows:

First. The contract between plaintiff and the American Express Company, viz.:

" Whereas, I, the undersigned, have entered or am about to enter the employment of the American Express Company, and in the course of such employment may be required to render services in the care, carriage or handling of merchandise and property in course of transportation by cars, vessels and vehicles belonging to the different railroad, stage and steamboat lines upon which the company relies for its means of forwarding property delivered to it to be forwarded.

And, whereas, such express company, under its contracts with many of the corporations and persons owning or operating such railroad, stage and steamboat lines, is or may be obligated to indemnify and save harmless such corporations and persons from and against all claims for injuries sustained by its employes.

Now, therefore, in consideration of the premises and of my said employment, I do hereby assume all risk of accidents and injuries which I shall meet with or sustain in the course of my employment, whether occasioned or resulting by or from the gross or other negligence of any corporation or person engaged in any manner in operating any railroad or vessel, or vehicle, or of any employe of any such corporation or person, or otherwise, and whether resulting in my death or otherwise.

And I do hereby agree to indemnify and save harmless the American Express Company of and from any and all claims which may be made against it at any time by any corporation or person under any agreement which it has made, or may hereafter make, arising out of any claim or recovery upon my part, or the part of my representatives, for damages sustained by reason of my injury or death, whether such injury or death result from the gross negli-

gence of any person or corporation, or of any employe of any person or corporation or otherwise.

And I hereby bind myself, my heirs, executors and administrators with the payment to such express company, upon demand, of any sum which it may be compelled to pay in consequence of any such claim, or in defending the same, including all counsel fees and expenses of litigation connected therewith.

And I do further agree that in case I shall at any time suffer any such injury, I will at once, without demand, and at my own expense, execute and deliver to the corporation or persons owning or operating the railroad, stage or steamboat line upon which I shall be so injured, a good and sufficient release, under my hand and seal, of all claims, demands and causes of action arising out of such injury or connected with or resulting therefrom.

I do hereby ratify all agreements heretofore made by said express company with any corporation or persons operating any railroad, stage and steamboat line in which such express company has agreed in substance that its employes shall have no cause of action for injuries sustained in the course of their employment upon the line of such contracting party, and I agree to be bound by each and every such agreement, in so far as the provisions thereof relative to injuries sustained by employes of the company are concerned, as fully as if I were a party thereto.

And I do hereby authorize and empower said express company, at any time while I shall remain in its service, to contract for me and in my behalf, in its own name or in mine, with any corporations or persons operating any railroad, stage or steamboat lines, for my transportation as a messenger or employe free of charge, upon the condition and consideration that neither I nor my personal representatives, nor any person claiming under me, will make any claim for compensation because of any injury sustained by me whether resulting from the gross negligence of such corporations or persons, or of any employe of such corporations or persons, or otherwise, and the contracts so made shall be as binding and obligatory upon me as if signed and delivered by me.

And I do hereby further agree that the provisions of this agreement shall be held to inure to the benefit of any and every corporation, and of all persons upon whose railroad, stage or steamboat lines the American Express Company shall forward merchandise, as fully and completely as if made directly with such corporations or persons.

I do further agree, in consideration of my employment by said American Express Company, that I will assume all risks of accident or injury which I shall meet with or sustain in the course of such employment, whether occasioned by the negligence of said company or any of its members, officers, agents or employes, or otherwise, and that in case I shall at any time suffer any such injury I will at once execute and deliver to said company a good and sufficient release, under my hand and seal, of all claims, demands and causes of action arising out of such injury or connected therewith, or resulting therefrom; and I hereby bind myself, my heirs, executors and administrators, with the payment to said express company, on demand, of any sum which it may be compelled to pay in consequence of any such claim or in defending the same, including all counsel fees and expenses of litigation connected therewith.

Witness my hand and seal this 20th day of November, one thousand eight hundred and ninety-three.

                         (Signed)      Jno. Blank.

In the presence of
        (Signed)     S. A. Davis."

Second. The contract between the American Express Company and the defendant, viz.:

" Whereas, by a certain contract, dated the 20th day of March, A. D. 1893, the Illinois Central Railroad Company, as party of the first part, and the Yazoo and Mississippi Valley Railroad Company, as party of the second part, and the American Express Company, as party of the third part, among other things, agreed as follows:

   ' As one of the express conditions of this contract, the party of the third part hereby binds and obligates itself to save harmless and fully indemnify the parties of the first part and second parts and each of them, their respective officers and employes, from and against all actions and liabilities for loss or damage resulting in any manner whatsoever to the freight or express matter in charge of the party of the third part, or to any of its employes, agents, messengers or officers, upon any line covered by this agreement; it being distinctly understood and agreed that all damages resulting to express matter · or to persons in the service of the party of the third part (while engaged in such service) shall be borne by the American Express Company.'

And whereas, since making said contract, said parties have, in the interests of mutual economy, upon certain trains and upon certain lines, consolidated the work of the bag-

gageman employed by the party of the first or second part, with the work of the express messenger employed by the party of the third part—so that the same person acts as joint employe of the party of the first or second part and the party of the third part, a portion of his salary being paid by the party of the first or second part and the balance by the party of the third part, in pursuance of an agreement to that effect heretofore made by the parties hereto.

Now, therefore, in consideration of the premises and other valuable considerations, each to the other paid, the said parties hereby mutually agree that the said contract, and the clause therein which is above quoted, shall be, and the same is hereby modified and changed to read as follows :

‘ As one of the express conditions of this contract, the party of the third part hereby binds and obligates itself to save harmless and fully indemnify the parties of the first and second parts, and each of them, their respective officers and employes, from and against all actions and liabilities for loss or damage resulting in any manner whatsoever to the freight or express matter in charge of the party of the third part, or to any of its employes, agents, messengers, or officers, upon any line covered by this agreement; it being distinctly understood and agreed that all damages resulting to express matter or to persons in the service of the party of the third part (while engaged in such service) shall be borne by the American Express Company.

‘ Provided, however, that in all cases where the same person acts jointly as baggageman for the party of the first or second part, and express messenger for the party of the third part, then that any sum or sums paid out in settlement or satisfaction of any claims made, or judgment recovered, on account of injuries sustained by such joint employe while performing duties exclusively in the interest of the party of the first and second part, outside of and away from the car in which the baggage and express packages in his charge are carried, while traveling as aforesaid, on said road, shall be assumed and borne by the party of the first or second part. But, if any claim is made, or judgment recovered, on account of injuries sustained by any such joint employe while traveling as aforesaid, on such road, while performing duties in the interest of either or any of the parties hereto, in or upon the said baggage and express car, then such sum or sums shall be borne and paid by both or all of the parties hereto, in the same proportion as they may have contributed to the salary of such employe at the time such injuries were sustained by him.  Neither party, however,

shall have the right to compromise or settle any claim or suit for such injuries without the consent in writing of the other parties hereto.'

This contract shall be in force and take effect from and after the 28th day of December, 1895, and continue until the 31st day of March, 1898.

THE ILLINOIS CENTRAL RAILROAD COMPANY,

By J. T. Harahan, 2d Vice President.

THE YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY,

By J. T. Harahan, 2d Vice President.

THE AMERICAN EXPRESS COMPANY,

By A. Antisdel, General Manager."

STRONG, STRUCKMANN, EHLE & MILSTED, attorneys for plaintiff in error.

A master can not, by a contract with a servant, in consideration of the employment, exempt himself from liability to the servant for injuries sustained through the negligence of the master, such a contract being void as against public policy. Am. & Eng. Enc. of Law, Vol. XIV, 910; Roesner v. Hermann, 8 Fed. Rep. 782; Eckman v. C., B. Q. R. R. Co., 169 Ill. 318; Beach on Contributory Negligence, 2d Ed., Sec. 383; Railway Co. v. Spangler, 44 O. St. 471; Little Rock Ry. Co. v. Eubanks, 48 Ark. 460; Bailey on Master's Liability for Injuries to Servants, p. 447, paragraph 3; Hissong v. R. R. Co., 91 Ala. 514; Purdy v. Rome, etc., R. R. Co., 52 Hun, 267; 125 N. Y. 209.

An express messenger is a passenger for hire. Voight v. Balto. & O. S. W. Ry. Co., 79 Fed. Rep. 561, and long list of cases cited.

The accident release introduced by defendant in error is void as against public policy. Voight v. B. & O. S. W. Ry. Co., 79 Fed. Rep. 561.

WALKER & EDDY, attorneys for defendant in error, contended that the contract was not void as against public policy but was valid and binding, and constituted a complete defense to the action.

Similar contracts have been sustained by the Supreme Court of Indiana, in opinions which are remarkable for

their exhaustive review of the authorities.  Louisville, N. A. & C. Ry. Co. v. Keefer, 44 N. E. Rep. 796; Pittsburg, C., C. & St. L. Ry. Co. v. Mahoney, 46 N. E. Rep. 917.

The right of a railroad company to insist upon an accident release from an express messenger riding in a baggage car, although riding upon a passenger season ticket, is upheld by the Supreme Court of Massachusetts in Bates v. Old Colony R. Co., 17 N. E. Rep. 633; Hosmer v. Old Colony Ry. Co., 31 N. E. Rep. 652.

Railway companies, although public or common carriers, may contract as private carriers, such as that of transporting express matter for express companies, as such matter is usually carried, and in that capacity may properly require exemption from liability for negligence as a condition to the obligation to carry.  The Express Cases, 117 U. S. 1, 6; Hosmer v. Railroad Co., 156 Mass. 506, 31 N. E. 652; Bates v. Railroad Co., 147 Mass. 255, 17 N. E. 633; Chic., M. & St. P. R. Co. v. Wallace, 66 Fed. 506; Coup v. Railway Co., 56 Mich. 111, 22 N. W. 215; Forepaugh v. Railway Co., 128 Pa. St. 217, 18 At. 503; Hartford Fire Ins. Co. v. C., M. & St. P. Ry. Co., 17 C. C. A. 62, 70 Fed. 201; Quimby v. Railroad Co., 150 Mass. 365, 23 N. E. 205; Muldoon v. Railway Co., 10 Wash. 311, 38 Pac. 995; Griswold v. Railroad Co., 53 Conn. 371, 4 At. 261.

Mr. Justice Shepard delivered the opinion of the court.

The plaintiff was a messenger for the American Express Company, on the defendant's line of road between Chicago and Sioux City, Iowa.  On January 15, 1896, the passenger train on which he was riding in the baggage car, in which the express matter he had in charge was being carried, ran into the rear corner of the caboose of a freight train which had been partly pulled off upon a switch or side track in order to permit the passenger train which plaintiff was riding, to pass.  The rear end, only, of the caboose projected upon the track of the passenger train, and a piece of one of its timbers broke into the express car and hit the plaintiff and caused the injuries of which he complains.

· It appeared in evidence that the first cause of the caboose being left in its dangerous place, was the breaking of a link in the chain of freight cars that were being hauled off upon the side track, causing the freight train to separate, and leaving its extreme end—the caboose—projecting in part · upon the main track.

Whether or not the defendant was liable for negligence in respects of the broken link, and the consequent collision, will not be discussed at length by us at this time, although we have considered the case in that aspect. The evidence showed, without controversy, that the defect in the link which caused it to break was a latent one, beyond discovery by the exercise of all reasonable diligence; but whether, after the break, there was not time enough before the collision, in the exercise of proper diligence by defendant's servants, to have got the caboose clear of the main track, is not so certain.

We prefer to place our decision upon the point that caused the trial court to take the case from the jury, by a peremptory-instruction to find the defendant not guilty.

That point is that, whether there was legal negligence by the defendant or not, the plaintiff had by special contract, previously entered into, released the defendant from all liability in the premises.

We will not particularly enter upon the contention of plaintiff that such contract of release was improperly admitted in evidence under the condition of the pleadings at the time of the trial. It is enough for the purpose of getting directly at the main question in the case, which demands early decision because not only of what is involved in this case but collaterally, to hold, without much discussion, that the release was admissible.

. The plaintiff had testified to his employment with the express company, that he knew the terms of his employment and that they were set forth in the writing identified by him as bearing his signature. The writing was then, we think, clearly admissible under the general issue, in order to show the terms and conditions of plaintiff's employment

by the express company, and his relation to the defendant at the time of the accident.

The relationship of express companies to railroad companies, over whose lines express matter is carried under special contracts, is well set forth in Express Cases, 117 U. S. 1, to which we refer rather than quote from, and the doctrine there upheld is, that special contracts between such companies, giving special and exclusive privileges to express companies, are lawful.

It was by virtue of the contract between the defendant and the express company that the plaintiff was upon the car when he was injured.    He was not in the strict sense a passenger.    Nor was the defendant in the strict sense a common carrier as to him.    His being carried from one end of the express route to the other, was for the purpose, and none other, of handling and caring for the property of his employer, the express company, which was being transported under the terms of the special contract between the express company and the defendant.

It was not the duty of the defendant, as a common carrier, to carry for the express company its goods, or its messenger in charge of them, in the car in question.    As a common carrier the defendant was not compelled to grant that right to the express company.    It was only because of the special contract that such rights, superior to the rights of the public, were conferred, and being upon the car by virtue of such contract rights, the plaintiff was there subject to the burdens of the contract.    His rights were those of his employer, the express company, and no greater.    He could not accept the right to be there under the contract, and reject the conditions under which the contract gave the right.

Had the defendant occupied in the premises the position of performing a public or quasi public duty to the plaintiff, such as it would have held to him if he were being carried as an ordinary passenger, we understand the law would not have permitted him to contract away his right of recourse for damages for the defendant's negligence, and in no case

could a common carrier, even by express contract, in Illinois, exempt itself from liability resulting from the gross negligence or willful misconduct committed by itself or its servants.  C. & N. W. Ry. Co. v. Chapman, 133 Ill. 96; I. C. R. R. Co. v. Read, 37 Ill. 484.

But, under the evidence, there does not arise in this case any question of gross or willful negligence.

As already said, the defendant was not, as to the plaintiff or his employer, in the discharge of the public duties required of it as a common carrier, and the plaintiff might, therefore, as he did, contract to assume the risks of the trip himself, and release the defendant from all liability on account of injuries to him.

The plaintiff in his contract with the express company ratified, as his own, and made a part of such contract, the contract between the express company and the defendant, and agreed to be bound thereby.  He was bound, therefore, to know that the express company, and himself as its representative, had a right to ride in the car only by special license, which he could not accept and at the same time continue to hold defendant liable for injuries that might befall him.

It is not pretended that what we have said constitutes an exhaustive or thorough opinion upon the question.  It is one not yet decided by our Supreme Court, and the little we have said is mainly, though imperfectly, taken from opinions of the Supreme Court of Indiana, which commend themselves to us by the reason and authority there shown.

A reference to Louisville, N. A. & C. Ry. Co. v. Keefer, 146 Ind. 21, and Pittsburgh, C., C. & St. L. Ry. Co. v. Mahoney, 148 Ind. 196, where similar contracts were involved and able discussion is had, will serve the purposes of counsel in this case, and the profession generally, as well as could be done by an exhaustive opinion here.

Numerous minor questions are argued, concerning which we discover nothing amounting to reversible error or requiring further comment.

The judgment of the Superior Court is affirmed.