### Illinois Central R. R. Co. v. J. L. Fulton Co.

1. CONTRACTS—*Between a Railroad and Contractor, Relieving the Railroad from Liability for Injuries to Contractor's Employes, Legal.*— A railroad company may lawfully stipulate with a contractor doing work on the railroad right of way, that the latter shall be responsible for all damages which may be claimed on account of injuries occurring to any of the employes of such contractor during the prosecution of the work, and shall defend at its sole expense all damages which may arise in consequence of such injuries, and such contract absolves the railroad company from liability for damages, whether happening from some cause connected with work done under the contract or otherwise.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed June 5, 1903. Rehearing denied June 16, 1903.

Statement.—This was an action in assumpsit brought by the Illinois Central Railroad Company against the J. L. Fulton Company, based upon a certain contract in writing between the parties. The facts as disclosed by the declaration are that the J. L. Fulton Company, as contractors of stone work, entered into a written contract with the railroad company to construct certain stone walls in the vicinity of the railroad company's tracks in the city

of Chicago. In consideration, as it is stated, of securing the contract, J. L. Fulton Company, as part of its written construction contract, agreed as follows :

" The party of the first part shall be responsible for all damages which may be claimed on account of injuries occurring to any of the employes of the party of the first part during the prosecution of the work, and shall defend at its sole expense all damage suits which may arise in consequence of such injuries."

One of the employes of J. L. Fulton Company was injured during the prosecution of the work, and brought suit against the Illinois Central Railroad Company. J. L. Fulton Company were, it is said, notified to come in and defend; judgment was rendered in favor of the plaintiff. An appeal was taken to the Appellate Court and the Fulton Company again notified. Judgment was there affirmed and an appeal taken to the Supreme Court, upon which the Fulton Company were again notified to appear and defend. A final judgment was rendered against and paid by appellant. Demand in writing was made upon the J. L. Fulton Company for the amount so paid, with costs, and upon refusal, this suit was brought. The declaration contains three counts, the first setting up the alleged facts in substance as above stated and the second count in substance the same, with the exception that the contract sued upon was set forth *in haec verba;* and the third count was in substance the same as the first, with the exception that it alleges a promise on the part of the defendant that if the plaintiff would defend such suit, it, the defendant, would reimburse the plaintiff.

To the declaration, in substance as above stated, general and special demurrers were filed, the special counts of demurrer being as follows :

1st. There is no allegation in said counts as amended, or any of them, that the injury alleged to have been sustained by the said Charles Aland occurred through and by virtue of the construction and prosecution of the work to be performed under said contract and not through the negligence of the plaintiff herein.

2d.  Said counts, as amended, or any of them, do not state how said alleged injury to the said Charles Aland was sustained.

The trial court upon hearing of this demurrer sustained it and held that the declaration did not state a good cause of action, and there could be no recovery where the negligence causing the injury was a negligent act of the railroad company.  Over the exception of the plaintiff judgment was entered against it and for the defendant on its demurrer, for costs.  The plaintiff stood by its declaration and from the judgment of the Superior Court this appeal is prosecuted.

W. A. Howett, attorney for appellant; J. G. Drennan, of counsel.

Colson & Johnson, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellee's demurrer to the declaration was sustained, it is said, upon the theory that no recovery could be had by appellant under the clause of the contract in controversy because the declaration does not affirmatively aver that the injury for which appellee's employe recovered damages was not inflicted by appellant's own negligence; that if it was inflicted by the negligence of the railroad company the latter can not recover from appellee the damages it has had to pay for injuries so caused; that to entitle appellant to maintain its action the declaration must allege the injury to have been sustained in, through, and by reason of the prosecution and performance of the particular contract work.  It is said the trial court sustained the demurrer upon the theory that because the declaration showed a suit for damages had been brought against the railroad company, in which final judgment had been rendered against it, such final judgment is sufficient evidence that the injury was caused by appellant's negligence.  It is urged that such theory is erroneous because both the railroad company and the contractor may have been jointly liable for the injury

to the latter's employe, though only the railroad company was sued; that the judgment is no evidence that appellant's negligence alone was responsible for the injury, and that therefore it was error to sustain the demurrer; that it could only be determined from evidence where the responsibility for negligence lay as between appellant and appellee.

The important question, however, is not whose negligence caused the injury, but first, whether a railroad company, in consideration of a contract for work, the prosecution of which necessarily requires the presence of a large number of men about the railroad company's tracks where there is danger from passing trains, may lawfully stipulate with the contractor that the latter shall indemnify the railroad company for damages sustained and recovered by any of the contractor's employes, however injured during the prosecution of the work; and second, whether the clause of the contract in controversy is in fact such a contract for indemnity.

In Baltimore & Ohio Southwestern Ry. Co. v. Voigt, 176 U. S. 498, an express company had agreed to protect and hold a railroad company harmless from all liability to employes of the express company for injuries sustained while being transported by the railroad company, whether the injuries were caused by negligence of the railroad company or not. An employe of the express company was injured. He had signed a contract with his employer wherein he assumed the risk of all accident or injury in the course of his employment, whether by negligence or otherwise, and agreed to release the railroad company from liability, ratifying the contract between the two companies. It was held that the railroad company did not assume toward such employe of the express company, in view of the contracts, the ordinary liability of a common carrier, and was not liable for the injuries sustained. The court refused to relieve the employe from the obligation of his contract, holding that to do so would require "a much wider extension of the doctrine of public policy than was

justified." Reference is made (p. 517) in that opinion to
the decision of this court in Blank v. Illinois Central Rail-
road Co., 80 Ill. App. 475, and that of the Supreme Court
of Illinois, in the same case (182 Ill. 332). We need not
quote from those opinions nor further refer to the cases
there cited. The contract in the last mentioned case
between the railroad company and the express company and
between the latter and its employe granted rights which as
a common carrier the railroad company could not have been
compelled to grant, and in such case the carrier might con-
tract as a private carrier " and require exemption against
liabilities for negligence as a condition of granting such
rights." L. N. & C. R. R. Co. v. Keefer, 146 Ind. 21; Bates
v. Old Colony R. R. Co., 147 Mass. 255; Hosmer v. Old
Colony R. R. Co., 156 Mass. 506; P., C., C. & St. L. R. R. Co.
v. Mahoney, 148 Ind. 196.

In some of these cases there was a contract not only
between the carriers and the express companies, but also
between the express companies and the injured employes
of the latter by which said employes had ratified the con-
tracts between the companies. But in Kansas City M. &
B. R. R. Co. v. Southern Railway News Co., 52 Southwest-
ern Reporter (Missouri), 205, there was no contract between
the news company and its injured employe. Judgment
for damages had been recovered against the railroad com-
pany, and the latter sued the news company on its con-
tract of indemnity, by which the news company had
agreed, in consideration of the privileges granted it on the
railroad trains, to indemnify the railroad company and save
it harmless from all claims and damages by any employe
of the news company for injuries, whether caused by negli-
gence of the railroad company or not. It is held in that
case by the Supreme Court of Missouri, citing a number of
cases, to which reference may be had, that such contract of
indemnity is governed by the same principles as a contract
of insurance and can not be avoided as against public policy.

If a common carrier may contract as a private carrier
for exemption from liability for negligence as a condition

of granting an express company or a news company special rights upon its trains, and can enforce such a contract in its favor for indemnity against damages for injuries, whether caused by its own negligence or not, it is difficult to find any sound reason why a railroad company may not enforce a contract of indemnity against a contractor who undertakes to do work which requires the presence of a number of his employes in the vicinity of tracks where trains are frequently passing. The presence of a large number of employes not under control of the railroad company, is liable to increase the risk of accident to men whom it can not govern by rules calculated to insure their safety, as it could if they were its own employes. The contractor on the other hand may require compliance with such rules, and take precautions to keep his employes from places of danger. Without such contract of indemnity the contractor may have no special incentive to take the necessary precautions to prevent accidents to his employes for which he does not expect to become liable, especially if such precautions would entail upon him greater expense. Instead of being against public policy to enable a railroad company to thus protect itself by such contract of indemnity, we are inclined to regard it as calculated to protect employes from chances of injury to which otherwise they might be exposed. Such agreement does not purport to exempt the railroad company from liability for negligence in the discharge of any public duty like that of a common carrier to a passenger. The work to be done under appellee's contract in the case before us, was to build retaining walls on either side of the appellant's right of way. We are of the opinion that a clause indemnifying appellant against loss by reason of accidents to appellee's employes so engaged, though caused by appellant's negligence, as one of the conditions of the contract for such work, is valid and may be enforced. Trenton Pass. R. R. Co. v. Guarantors' Liability Indemnity Co., 37 Atlantic Rep. 609 (New Jersey), and cases there cited; Boston & A. R. Co. v. Mercantile Trust and Deposit Co., 34 Atlantic Rep. 778–786 (Maryland).

It is contended, however, that the clause in controversy has reference only to injuries sustained through and by means of the prosecution and execution of the particular work to be performed by appellee under the contract. The clause provides that appellee " shall be responsible for all damages which may be claimed on account of injuries occurring to any of the employes " of appellee " during the prosecution of the work, and shall defend at its sole expense all damages which may arise in consequence of such injuries." It does not limit the damages to such injuries as may occur in any particular way, whether by accidents happening from some cause connected with work done under the contract or otherwise. Appellee is to be responsible ·for injuries occurring to its own employes, however caused, " during the prosecution of the contract work." In support of appellee's contention we are referred to Manhattan Ry. Co. v. Cornell, 54 Hun, 292. There the agreement of the contractor was " to assume all liability for, and to indemnify the company against', any damages arising from injuries sustained by mechanics, laborers or other persons by reason of accidents or otherwise." It was held that the parties to that agreement intended to indemnify the plaintiff against liability for damages sustained by persons in the employment of the contractor in and by the progress and execution of their own work only. The judgment was affirmed by the N. Y. Court of Appeals, 130 N. Y. 637, without, however, any opinion. The indemnifying language in that case occurs in a clause containing other provisions relating solely to the work done under the contract for construction of a station platform, and it is not unreasonable, considering the clause as a whole, to construe every part of it as relating to the contract work only. In the case before us the indemnity clause stands separate and distinct from other parts of the agreement and must be so construed. We are referred to San Antonio & A. P. Ry. Co. v. Adams (Texas), 24 S. W. Rep. 839. There, by the indemnifying clause, an express company assumed "all risk of loss or damage arising out of or resulting from its

operations" under the agreement, and agreed to hold the railway company harmless therefrom. It was held, and properly no doubt, that under this contract the express company was not liable for injuries caused by the negligence of the railway in failing to keep its bridges and road bed in repair. So in Indianapolis, P. & C. R. R. Co. v. Brownen burg, 32 Ind. 199, cited by appellee's attorneys, by the terms of the contract the railroad company had clearly not assumed the liability sought to be enforced. We are not referred to any decided case which supports the view contended for in behalf of appellee. The language of the contract must be taken to mean what it says, that as between the companies appellee shall be responsible for damages claimed on account of injuries occurring to its employes during the prosecution of the work, no matter how caused. Having made such an agreement it was within appellee's power to take measures tending to protect its employes from trains passing on appellant's tracks or dangers of a like character. It may be that if the injuries in this case prove to have been inflicted by gross carelessness of appellant in ways not reasonably to be anticipated when the contract was made, the indemnity agreement could not be construed to cover damages so arising. This, however, can only be determined from evidence.

We can not agree with the contention that if the employe who was injured had a good and lawful claim against appellant by reason of such injury this action can not be maintained. The contract of indemnity contains no such limitation. The declaration avers, moreover, that the said employe was injured while in the prosecution of the work under the contract, and it may very well be under such averment that both appellant and appellee were liable, each for its own negligence causing the injury. The fact that suit was prosecuted and judgment recovered against appellant alone does not negative this averment.

We are of opinion that the demurrer to the declaration was wrongfully sustained, and the judgment must be reversed and the cause remanded.