Matthias, J.
The disposition of the demurrer to the amended petition turns upon the question of whether the contract of indemnification referred to should receive the construction contended for by the railroad company. It contends that such contract serves to bind The Dingledy Lumber Company to indemnify and save harmless the Erie Railroad Company from loss and damage which will ultimately be sustained by it by reason of the injury caused to Wagner, the lumber company’s employe. If that contention be well founded, the action by the railroad company to enjoin the dissolution of the lumber company until the extent of such liability shall have been determined was properly brought.
Wagner, the employe of the lumber company, is alleged to have received certain personal injuries while engaged in such employment on property then occupied by said lumber company by virtue of a lease from the Erie Railroad Company, and in his action pending against the Erie Railroad Company *241 he seeks to recover damages upon the claim that such injuries resulted from and were caused by the negligent operation of a certain locomotive engine in charge of the railroad company’s agents and employes. The agreement to which we have referred as a contract of indemnity was a part of the lease executed by the railroad company to the lumber company, whereby the former leased to the latter a tract of ground which constituted a part of its lumber yard and adjoined the sidetracks of the plaintiff company. The portion of said lease referred to as a contract of indemnification is as follows :
“Said Lessee for itself, its successors and assigns, hereby assumes all risk of loss, damage or injury, by fire or otherwise, to person or property on or about said leased premises, and all risk of loss by fire to property of said Lessee, or in which it may be interested, on any neighboring premises owned or occupied by said Lessee to which fire shall be communicated from the leased premises, arising out of the condition or location of said leased premises, or the operation, maintenance or existence of the railroad operated by said Lessor, its successors or assigns, or any of its appurtenances, and agrees to indemnify and save harmless said Lessor, its successors and assigns, from all claims for any and all such loss, damage or injury, whether caused by the negligence of the said Lessors, its successors or assigns, or by the negligence of its or their servants, agents or employes, or otherwise.”
*242 If is to be observed that this contract is not one between an employer and his employe, whereby the former attempts to relieve himself from the responsibility for injuries caused to the latter, nor is it such a contract as this court held to be against public policy, and therefore .void, in the case of P., C., C. & St. L. Ry. Co. v. Kinney, 95 Ohio St., 64. However, by its construction of this contract the railroad company does seek to fasten upon another the ultimate liability for loss and damage caused by the operation of engines of the railroad company, and, while in this case there is no claim of exemption of the railroad company from liability to the person injured, it does claim relief from the results of its own negligence by casting the burden upon another by this contract, whereby it now claims it is so indemnified. Public policy clearly requires that such contracts shall be restricted rather than extended. It is a fundamental rule in the construction of contracts of indemnity that such a contract shall not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in clear and unequivocal terms. (14 Ruling Case Law, 47.) The liability of such indemnitee is regarded to be so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the liability unless the contract puts it beyond doubt by express stipulation. It cannot be established by inference from words of general import. This rule of interpretation so generally applied to contracts of the character of the one here under consideration is stated *243 substantially as above in the case of Perry v. Payne, 217 Pa. St., 252.
As well said by the court in North American Ry. Construction Co. v. Cincinnati Traction Co., 172 Fed. Rep.; 214: “It would take clear language to show that a contract of indemnity was intended to cover conditions or operations under the control of the party indemnified, and not under the control of the indemnifying party, such, for instance, as accidents, the proximate cause of which is the negligence of the party indemnified.”
In the consideration of a like question in the case of San Antonio & A. P. Ry. Co. v. Adams, 6 Tex. Civ. App., 102, it was held that a contract between an express company and a railroad company for the carriage of the former’s express matter and messengers by which the “express company assumes all risk of loss or damage arising out of or resulting from its operations under this agreement,” does not bind it to indemnify the railroad company against injuries to a messenger resulting from the railroad company’s negligence.
In the case of Mitchell v. So. Ry. Co., 124 Ky., 146, the court used this language: “Such an interpretation should not be given a contract that would make the- appellant responsible for the consequence of a negligent act of the appellee unless no other meaning can be ascribed to it. If a doubt existed as to its meaning, the court would resolve that doubt against the contention that the contract was intended to indemnify appellee against its own negligence. Every presumption is against such intention,”
*244 Does this contract by its terms expressly provide that the lumber company shall indemnify the railroad company for any loss or damage which it may sustain by reason of injury inflicted upon an employe of the lumber company while engaged in the discharge of his duties upon the leased premises, if such injury is caused by the negligent operation of the railroad company’s engine in the manner charged by Wagner? That is the precise question presented.
A careful consideration of all the terms of this contract which have any reference to the matter of indemnification discloses the purpose and object uppermost in the minds of the parties. This strip of ground when leased became a part of the lumber company’s yards, wherein were piled and stored quantities of lumber. The railroad company, at whose instance and for whose benefit it must be concluded this clause of indemnity was inserted in the lease, required thereby that the lumber company, the lessee, should assume all such risk of loss or damage which might accrue on said leased premises, and also the neighboring premises owned and occupied by the lessee, to which fire might be communicated from the leased premises arising out of the condition or location of said leased premises or out of the operation, maintenance or existence of the railroad operated by the lessor. The portion of the contract requiring particular attention is the language “assumes all risk of loss, damage or injury, by fire or otherwise, to person or property on or about said leased premises,” and also the language in the latter part of such contract, “agrees to *245 Indemnify and save harmless said Lessor, * * * from all claims for any and all such loss, damage or injury, whether caused by the negligence of the said Lessors, * * * or by the negligence of its or their servants, agents or employes, or otherwise.”
It is clear that the parties did intend that the indemnification agreement should cover loss or damage by fire. That purpose is plainly expressed by the contract. It is not clear what other causes of loss or damage were contemplated. The principle of construction known as ejusdem generis therefore should be applied in determining what is included in the term “by fire or otherwise.” The application of that rule would require that where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase should be held to include only things of the same general nature as those specified. If that rule of construction be applicable here, then the indemnity provision would cover only such loss, damage or injury as was occasioned by fire or kindred causes, such as smoke, water, étc. It is urged, however, that “fire” exhausts the genus to which it belongs, and hence “or otherwise” must refer to something else. On the other hand, it may well be argued that if the term “or otherwise” is held to include all causes other than fire there would have been no reason for using any specific word, and that if the indemnity was intended to cover loss, damage and injury, not only to property but to persons “from all causes” or from “any cause whatever,” such general and comprehensive language would undoubtedly have been employed.
*246 Numerous cases may be cited where the principle ejusdem generis is invoked and applied, in many of which the reasoning of the court as well as the conclusions announced support the contention of the plaintiff in error in this case. From these we select the following: Hickman v. Cabot, 183 Fed. Rep., 747; Board of Commerce of Ann Arbor, Mich. v. Security Trust Co., 225 Fed. Rep., 454; State, ex rel. Kennedy, v. McGarry, 21 Wis., 496; Jones v. Island Creek Coal Co., 79 W. Va., 532; Railton v. Taylor et al., 20 R. I., 279, and New York Coal Co. v. New Pittsburgh Coal Co., 86 Ohio St., 140.
In Hickman v. Cabot, supra, the court held that the words “other cause” following “fire and explosion” would be construed to mean other cause of similar character and of the same general nature. The court pertinently observed that if the language used meant all causes there was no reason whatever to specify “fire or explosion.” The court further says at page 749: “The contention that fire and explosion exhaust the whole genus, so that ‘other cause’ must refer to something radically unlike, does not seem persuasive. We imagine that, wind or water would have been regarded by the parties as causes which from their standpoint were of the same kind as fire and explosion. * * * To hold otherwise would, by rendering the words ‘fire’ and ‘explosion’ superfluous, offend against the other rule of construction approved by the Supreme Court and cited by the defendant, viz., that an interpretation is incorrect that would obliterate one portion of a contract in order to enforce another part thereof.”
*247 In New York Coal Co. v. New Pittsburgh Coal Co., supra, this court applied the rule now under consideration in the construction of a coal mining lease, and the statement of the judge, at page 174, in rendering the opinion, is quite applicable here: “The rule ejusdem generis is a well known rule of construction, and has been frequently recognized and applied in this state and elsewhere. While not conclusive under all circumstances, nor applied when it would violate the clear intention of parties as expressed in their written agreements, nevertheless it is of value whenever there would be no such violation, and this is a case where the rule seems to be plainly applicable.”
For the reasons above indicated we conclude that the indemnity sought to be enforced in this action is not contemplated by the - terms of the contract of indemnity made by the parties, therefore the demurrer to the amended petition should have been sustained. The judgment of the court of appeals is reversed and judgment is rendered for plaintiff'in error.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.