## WILSON HYDRAULIC CASING PULLING MACH. CO. v. JAMES. (No. 2455.)

(Court of Civil Appeals of Texas. Amarillo. April 1, 1925.)

**1. Appeal and error ⬅916(1)—Presumption that defendant went to trial on last of two answers filed.**

Appellate court must presume that last of two answers filed was pleading on which defendant went to trial.

**2. Master and servant ⬅401—Master has burden of pleading and proving it was subscriber under Compensation Act.**

In action against employer for injuries to employé, burden of pleading and proving that defendant was subscriber under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), was on it, and, having failed to do so, it could not rely on defenses of assumed risk, contributory negligence, or fellow servant's negligence.

**3. Master and servant ⬅358—Employé may sue at law, where employer refuses to comply with terms of liability insurance policy.**

Where employer had refused to comply with terms of, and make any report under, liability insurance policy, and insurer's manager expressed opinion that policy had lapsed, injured employé properly brought common-law action for damages, and employer, having more than 15 employés, was precluded by Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1, from pleading assumed risk, contributory negligence, or fellow servant's, negligence.

**4. Appeal and error ⬅846(5)—Judgment sustained on any theory supported by evidence, in absence of fact findings.**

In absence of findings of fact court must sustain judgment, if possible, on any theory supported by evidence.

**5. Master and servant ⬅258(3) — Employé held not required to plead or prove exact negligence causing sudden fall of jack being loaded on truck.**

Cause of sudden fall of hydraulic jack being loaded on truck by plaintiff and other employés by cat line, which slipped, or was too suddenly unwound or broken, being matter peculiarly within knowledge of defendant employer's foreman, plaintiff was not required to plead or prove exact negligence.

**6. Master and servant ⬅264(10) — Variance between petition and evidence as to whether employé was pushing or pulling on rope attached to jack, which fell, held not fatal.**

Variance between petition charging that plaintiff was pushing jack, which fell while being loaded on truck by him and other employés, and evidence that he was pulling on rope attached to it, held not fatal; proximate cause of injury being falling of jack, whether because of defect in hoisting machinery, foreman's negligence, or failure to furnish sufficient help.

**7. Pleading ⬅388—Immaterial variances between allegation and proof do not defeat recovery.**

Immaterial variances between allegation and proof do not defeat recovery, particularly where they could not have deceived or surprised defendant.

**8. Master and servant ⬅366 — Recovery of compensation for injury to 18 year old minor held not precluded by Workmen's Compensation Law.**

Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), does not preclude 18 year old minor from recovering compensation for injuries resulting from fall of hydraulic jack being loaded on truck by him and other employés; there being no statute preventing employment of minors of that age in such work.

**9. Appeal and error ⬅909(1)—Minor presumed to have been emancipated or employed with father's consent, if necessary to sustain judgment.**

If necessary to sustain judgment of damages to 18 year old minor for injuries in loading hydraulic jack on truck, Court of Appeals must presume that he had been emancipated at time of employment or was employed with father's consent.

**10. Master and servant ⬅95—Master employing minor with knowledge of infancy cannot plead minority, in action for injuries.**

Company employing minor with knowledge of his infancy cannot plead his minority, in action for injuries caused by its negligence, in absence of statutory inhibition.

**11. Appeal and error ⬅931(6)—No presumption that judgment is based on improper testimony, in absence of fact findings.**

Appellate court cannot presume that judgment is based on improper testimony, in absence of findings of fact by court.

**12. Damages ⬅132(8)—$1,189 for fractures of arm and hand of 18 year old day laborer held not excessive.**

$1,189 to 18 year old laborer, earning average wage of at least $5 per day, for painful fracture of bones in hand and arm, causing suffering at night after hard day's work, loss of grip, and inability to move hand up and down without pain, held not excessive.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Lee James, by his next friend, J. A. James, against the Wilson Hydraulic Casing Pulling Machine Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. S. Ragsdale, of Burkburnett, for appellant.

Yarbrough & Tipton, of Electra, for appellee.

HALL, C. J. J. A. James, as next friend of Lee James, a minor, 18 years of age, filed this suit against appellant company to re-

---

cover damages resulting from personal injuries. It is alleged that plaintiff was employed by defendant company as a day laborer in its plant at Burkburnett at an average wage of at least $5 per day; that upon the date of his injury, March 13, 1923, he was working under the supervision and instructions of one Warfield, who at that time was the agent and foreman of defendant; that Warfield had instructed him to assist other employés in the work of loading a hydraulic jack on a truck; that plaintiff Warfield, and two other members of the crew were using what is known as a "cat line" or wire cable to pull the jack onto the truck; that when the jack was close to the edge of the truck plaintiff, under the instructions of Warfield, was assisting in pulling the jack onto the truck, and, while under the jack with his hands upon same assisting in pushing it onto the truck, the wire line, or cat line, slackened, slipped, broke, or in a manner otherwise unknown to the plaintiff gave way, and allowing the weight of the jack to come back on him causing his foot to slip from under him, resulting in plaintiff falling violently against the ground, breaking the bones in his hand and arm; that defendant owed plaintiff the duty of furnishing him a safe place to perform the work assigned to him, and the further duty of providing sufficient and suitable tools and machinery with which to work in a safe manner; that it was the duty of defendant to furnish a sufficient number of men in the crew in which plaintiff was working to perform the duties imposed upon him in a safe manner; that plaintiff was a minor. which fact was known to defendant, and defendant should have warned him of the dangers incident to the work. Plaintiff further alleges that defendant breached each and all of the duties which it owed him above enumerated, in that it failed, refused, and neglected to furnish a safe and suitable derrick, crane, or contrivance with which the jack could be raised upon the truck with safety and without plaintiff having to undertake to raise and push said jack onto said truck by hand, and in failing to furnish sufficient men to perform the work with safety; that the crew of men at that time was short at least three men; that the foreman, Warfield, allowed the cat line to slip or slacken, letting the weight of the jack down on plaintiff, causing plaintiff's feet to slip from under him and throw him to the ground, without giving plaintiff some warning, in order that plaintiff might be able to get out of the way and save himself from injury; that said negligence and breaches of duties by defendant were the proximate cause of the injury and damage suffered by plaintiff. The petition then sets out in detail the nature of the injury by reason of which he suffered great mental and physical pain and permanent injuries. He further alleges that his earning capacity has been decreased 25 per cent., and fixes the total amount of his damages, present and prospective, at $4,800. He further alleges that defendant had in its employ more than three men, and was eligible as a subscriber under the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), but had failed and refused to become such subscriber, and was not entitled to any of the defenses precluded by said act.

[1] Defendant has two answers in the case; the last one filed September 10, 1923, and we must presume was the pleading upon which it went to trial. This answer contains no exceptions, either general or special. The defenses of assumed risk, contributory negligence, and the negligence of the plaintiff's fellow servant are set up.

[2] A trial before the court, without a jury, resulted in a judgment for plaintiff in the sum of $1,189. The appellant insists that, because it was a subscriber under the Workmen's Compensation Act, plaintiff is not entitled to maintain this suit, but that appellee should have filed his claim with the Industrial Accident Board of the state. The failure to do so is not pleaded in abatement. The burden of pleading and proving that defendant was a subscriber under the act rested upon it. Having failed to discharge this burden, defendant could not rely upon the defenses of assumed risk, contributory negligence, or the negligence of a fellow servant. Breckenridge Ice & Cold Storage Co. v. Hutchens (Tex. Civ. App.) 260 S. W. 684; 2 Schneider W. C. L. p. 1445.

[3-5] There is some evidence in the record tending to show that the appellant company applied for insurance under the act, and more than 12 months before that accident had obtained a policy and paid $100 as the first annual premium, but that a dispute arose between the appellant and the insurance company with reference to the rate, and that appellant had refused to comply with the terms of the policy and make any report under it, and the manager of the company expressed the opinion that the policy had lapsed. This being the state of the record, the plaintiff properly filed a common-law action for damages. The record shows that the appellant had more than 15 employés, and is therefore precluded by Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1, from pleading the above-mentioned defenses. There was no request by appellant that the court file findings of fact and conclusions of law. In the absence of such findings, it is the duty of this court to sustain the judgment, if it can be done, upon any theory which is supported by the evidence. Spalding v. Aldridge, 50 Tex. Civ. App. 230, 110 S. W. 560. The company did not prove, either that notices were posted at its plant to the effect that it was a subscriber under the Workmen's Compensation Act, nor was any

actual notice to either the plaintiff or his father shown to have been given. Dr. Ogden testified with reference to the fracture and the result of it, and stated that such a fracture would be painful. Plaintiff testified that when he worked hard through the day the injury caused him suffering at night; that he had little or no grip in the injured hand, could not "wiggle" it like he could the other hand without hurting him, and said: "I. can go over like that (illustrating), but I cannot go down like that (illustrating)." One ground of negligence pleaded and established by the proof is that appellant did not have enough men at the time to do the work with safety; that the crew consisted of three men less than had always been used in doing that work.

[6, 7] Another ground of negligence is that the defendant failed to furnish plaintiff a safe place in which to work. The evidence, if any, to establish this issue, is inferential; however, plaintiff alleged that defendant knew he was a minor at the time he was employed, and failed to warn him of the dangers incident to the work, and that they were guilty of negligence in not furnishing him suitable tools and appliances to be used in the performance of his duties. There is evidence to sustain both grounds. The proximate cause of his injury is the falling of the jack for a distance of about 18 inches, resulting from the cat line slipping upon the windlass, or being too suddenly unwound or broken. The cause of the sudden fall of the jack is a matter peculiarly within the knowledge of the foreman, Warfield, and plaintiff was not required, under such circumstances, to plead or prove with exactness the fact of negligence connected therewith. Mo. Pac. Ry. Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608; San Antonio & A. P. Ry. Co. v. Adams, 6 Tex. Civ. App. 102, 24 S. W. 839; Texas Co. v. Giddings (Tex. Civ. App.) 148 S. W. 1142. It is true that the petition charges that at the time the cat line slipped and the jack fell plaintiff was pushing the jack, while the evidence shows that he was pulling upon a rope attached to the jack. Even if this were the sole act of negligence charged, the variance is not fatal. The proximate cause of the injury was the falling of the jack. Whether this resulted from a defect in the hoisting machinery, the negligence of Warfield or the failure of defendant to have a sufficient number of men assisting plaintiff to have avoided the injury is only incidental to the main effect. Immaterial variances between the allegata and probata do not defeat the recovery, and particularly where such variances could not have deceived or surprised the defendant. Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288; Texas, etc., Ry. Co. v. Hill, 71 Tex. 451, 9 S. W. 351; I. & G. N. Ry. Co. v. Locke (Tex. Civ. App.) 67 S. W. 1082; Hicks v. Galveston, etc., Ry. Co., 96 Tex. 355, 72 S. W. 835; Gulf, etc., Ry. Co. v. Johnson, 83 Tex. 628, 19 S. W. 151.

[8-11] The Workmen's Compensation Law of Texas does not preclude minors from its benefits who are 18 years of age, since there is no state statute preventing the employment of minors of that age in the character of work in which plaintiff was engaged. If necessary to sustain the judgment, it would be the duty of this court to presume that the plaintiff had either been emancipated at the time of his employment, or that he was employed with the consent of his father. After having employed a minor, with knowledge of his infancy, it does not lie in the mouth of a defendant through whose negligence he is injured to plead his minority in the absence of some statutory inhibition. Even if it be admitted that improper testimony was introduced, we cannot, in the absence of findings of fact by the court, presume that the judgment is based upon it.

[12] If the trial judge accepted the testimony of plaintiff as true, it is sufficient to sustain a judgment in the sum of $1,189.

We find no reversible error, and the judgment is affirmed.